DANIEL J. SCHACHT, #259717
dschacht@donahue.com
MARIO M. CHOI, #243409
mchoi@donahue.com
HAYLEY M. LENAHAN (*pro hac vice* forthcoming)
hlenahan@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Defendant
MARY BONO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHER, individually and as Trustee of The Veritas Trust,<br><br>Plaintiff,<br><br>v.<br><br>MARY BONO, individually and as Trustee of the Bono Collection Trust, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-CV-08157 JAK (RAOx)<br><br>**DEFENDANT MARY BONO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Date: April 11, 2022<br>Time: 8:30 a.m.<br>Judge: Hon. John A. Kronstadt<br>Ctrm: 10B |

1      Pursuant to Federal Rule of Evidence ("Rule") 201, Defendant Mary Bono

2    ("Bono") respectfully requests that the Court take judicial notice of the following

3    exhibits accompanying this Request for Judicial Notice and described in more detail

4    below in support of Defendant's Motion to Dismiss Plaintiff Cher's ("Plaintiff")

5    Complaint for Declaratory Relief; and Breach of Contract.

6      Under Rule 201(b), a court must take judicial notice of adjudicative facts if

7    requested by a party and supplied with the necessary information. "The court may

8    judicially notice a fact that is not subject to reasonable dispute because it: (1) is

9    generally known within the trial court's territorial jurisdiction; or (2) can be

10   accurately and readily determined from sources whose accuracy cannot reasonably

11   be questioned." Fed. R. Evid. 201(b); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir.

12   2014). "A court may take judicial notice of public records, government documents,

13   judicial opinions, municipal ordinances, newspaper and magazine articles, and the

14   contents of websites." *Valentino S.p.A.*, No. LA CV19-06306 JAK (SSx), 2020 WL

15   7382765, at *4 (C.D. Cal. Nov. 4, 2020) (citations omitted); *Ray Charles Found. v.*

16   *Robinson*, 795 F.3d 1109, 1114 (9th Cir. 2015).

17      The Court may also take judicial notice of "documents incorporated by

18   reference in the complaint" without converting a motion to dismiss into a motion for

19   summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003);

20   *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997). "Even if a document is not

21   attached to a complaint, it may be incorporated by reference into a complaint if the

22   plaintiff refers extensively to the document or the document forms the basis of the

23   plaintiff's claim." *Ritchie*, 32 F.3d at 908. The court may treat such a document as

24   "part of the complaint, and thus may assume that its contents are true for purposes of

25   a motion to dismiss under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Id*.

26      Ms. Bono respectfully requests that the Court take judicial notice of the

27   following documents:

28

1.      The Marriage Settlement Agreement entered into by Plaintiff and Sonny Bono on or about August 10, 1978, attached hereto as Exhibit A. The agreement is a public record as it was filed on or about February 18, 1974 in the matter *Salvatore P. Bono v. Cher Bono*, Case No. D842001 (Cal. Super. Ct., L.A. Cty.). The agreement has also been referred to in the Complaint in multiple instances and is the basis of Plaintiff's claims against Defendant, including her Breach of Contract claim. *See* Compl. ¶¶ 13-19, 22, 25, 28, 31, 35, 36, 38, 41, 42, 46-48.

2.      The Certificate of Recordation of notice of termination on October 14, 2016, No. V9927D332, attached hereto as Exhibit B. The notice of termination is a public record as it was recorded by the U.S. Copyright Office on or about October 14, 2016. The notice of termination has also been referred to in the Complaint. *See* Compl. ¶¶ 32-35.

For the reasons herein stated, Ms. Bono respectfully requests that the Court take judicial notice of the Marriage Settlement Agreement and notice of termination.

Dated: December 8, 2021

Respectfully submitted,

DONAHUE FITZGERALD LLP


By:/s/ Daniel J. Schacht
_____
Daniel J. Schacht
Mario M. Choi
Hayley M. Lenahan
Attorneys for Defendant
MARY BONO

# EXHIBIT A

ADMITTED IN EVIDENCE
DATE  7-3-79
XXXXXXXXXX COUNTY CLERK
XXXXXXXXXX  DEPUTY

## MARRIAGE SETTLEMENT AGREEMENT

AGREEMENT made and entered into this *10TH* day

of *AUGUST* , 1978, by and between SALVATORE P. BONO

(hereinafter referred to as "Husband") and CHER BONO ALLMAN

(hereinafter referred to as "Wife").

(1)   The parties married November 24, 1967, at

Los Angeles, California.

(2)   The parties separated on or about February 1,

1974, and the number of years from the date of marriage to the

date of separation is 6 years, 2 months and 5 days.

(3)   There is one minor child, CHASTITY SUN BONO,

born March 4, 1969.

(4)   Irreconcilable differences between the parties

have caused the irremediable breakdown of the marriage.

(5)   Action D842001 for dissolution of the marriage

of the parties has been filed in the Superior Court of the State

of California for the County of Los Angeles, by Husband as Pe-

titioner on February 18, 1974, which action was thereafter

transferred to the West District.  Wife filed her response in

said action on March 1, 1974.  Wife then proceeded to obtain a

Final Judgment of Dissolution of the marriage in a bifurcated

trial heard on June 27, 1975.  Said Final Judgment was entered

in Book WE 128, page 163 of Judgments of said Court on June 27,

1975, and preserved to the Court jurisdiction to determine all

matters pertaining to the disposition of community property

rev. 7/13/78

spousal support, child custody, child support, and attorneys fees. This Agreement is to be submitted to the Court for its approval in said proceeding, but this Agreement shall not depend upon such Court approval for its effectiveness.

(6)  The purpose of this Agreement is to settle the obligations of the parties to each other with respect to their respective support, their property interests and rights, custody of their minor child, and to relinquish any and all past, present or future claims that each may have against the property or estate of the other and his or her executors, administrators, representatives, successors and assigns, except as otherwise provided herein.

(7)  This Agreement is entered into by each party with a general knowledge of the extent and probable value of all of the separate property or estate of the other and of the extent and probable value of their community property. Each party understands the rights that, but for this Agreement, would inure by law to their respective benefit by virtue of their marital relation. Each party warrants that he made a full and complete disclosure to the other of all property each owns separately, jointly, or as community property.

(8)  Except as hereinafter provided, each party hereby releases and forever discharges the other, her or his heirs, executors, administrators, successors, assigns, property

- 2 -

and estate from any and all claims, demands, and obligations of every kind and nature arising out of the marital status of the parties, including, but not limited to, all rights to earnings of the other, spousal support and maintenance, family allowance, and probate homestead. Each party further releases, waives and relinquishes all right to inherit from the other, or to act as executor, administrator or representative of the estate of the other, or to in any way participate therein.

(9) Husband and Wife agree to make an equal division of their community estate; to share their liabilities and obligations in such a manner as to implement said equal division of their community estate; to acknowledge the separate ownership of certain property; and to otherwise adjust and settle each and all of their property rights and interests in the manner provided in this Paragraph (9), and in Paragraphs (10), (11), (12), (13) and attached exhibits.

(a) Prior to distribution of the community property in equal amounts to each of the parties hereto as provided in Paragraph (9)(d) hereof, Husband agrees to restore to the community bank accounts of the parties from his separate funds (or to permit adjustments to be made in the distribution of the community bank accounts of the parties pursuant to paragraph (9)(b)and (9)(c)) the following amounts:

(1) $150,000 - which represents the amounts of cash withdrawals by Husband from the community bank accounts of the parties prior to September 30, 1977.

(2) $150,000 - which represents the amount

rev. 8/10/78

- 3 -

of a prior cash withdrawal by Husband from the community bank accounts
of the parties on or about November 16, 1977.

(3)  $190,930.08 - which represents the amount
of a prior cash withdrawal by Husband from the community bank accounts
of the parties on or about April 17, 1978.

(4)  $234,409.00 - which represents the amount
of a prior cash withdrawal by Husband from the community bank accounts
of the parties on or about April 17, 1978.

(5)  $11,465.12 - which represents the amount
of an excess prior cash withdrawal by Husband from the community bank
accounts of the parties on or about August, 1975.

(6)  $10,000.00 - which represents the agreed
amount of interest accrued on prior withdrawals by Husband listed in
this paragraph (9)(a).

(b)  The parties agree that prior to distribution of the
community property in equal amounts to each of the parties hereto as pro
vided in Paragraph (9)(d) hereof the parties agree that Wife may satisfy
a separate obligation to Husband, referred to in Exhibit E hereof, in the
amount of $234,409.00 by permitting an adjustment to the community in the
amount of $468,818.00 in favor of Husband.

(c)  The parties agree that the intent of Paragraphs (9)(a)
and (9)(b) hereof may be effectuated by permitting Wife to withdraw
$277,986.20 from the community accounts of the parties prior to distribu
tion of the community property in equal amounts pursuant to Paragraph
(9)(d) hereof.  The parties agree that in making an adjustment to
the community property, Husband may sell any municipal bonds in the
community account for cash.

(d)  Both Husband and Wife agree that there shall be an
equal distribution to the parties of all of the
community property of the parties, not otherwise specifically
disposed of herein, including, but not limited to, the community

assets in the custody of Husband's representatives listed on
Exhibit A, attached hereto, to be distributed in cash or in
kind where required.  Said division and distribution shall be
accomplished as soon after the execution of this document as is
reasonably practical.  If the parties are unable to agree upon a
distribution in kind of any of said assets, then the parties
agree that such assets shall be sold and the proceeds shall be
divided equally between them.

           (e)  The parties acknowledge that the
community bank accounts of the parties are in the custody and
control of Husband and Husband's representatives.  Both parties
acknowledge that all of the monies in the community bank accounts
have been properly included therein as community property.  Both
parties warrant that all monies received by either of them which
constitute community monies have been deposited in the community
account or that adjustments of the community have been made there-
for.  Both parties warrant that any monies received by either of
them subsequent to the date of this agreement which consitute
joint monies will be divided equally between the parties.  The
parties acknowledge that Husband and Chris-Marc Music entered into
an agreement with Broadcast Music, Inc. (hereinafter referred to
as "BMI") dated September 9, 1977, that advances were given to
Husband from BMI and that BMI encumbered community assets of the
parties in order to insure its recoupment of said advances.  The
parties agree that Husband may retain said advances as his sepa-
rate property.  Husband agrees that he will account directly to
Wife all monies to which Wife would have been entitled but for

rev. 7/20/78

- 4a -

the encumbrance by BMI including any administration fee, if applicable. Husband agrees to use his best efforts to have the BMI agreement modified in such a way as to segregate any collateralization of community property with his separate property.

        (f) The parties heretofore entered into a Memorandum of Agreement dated May 29, 1974 respecting distribution of certain of their community property and this Marriage Settlement Agreement will not pertain with respect to that distribution that was previously made in accordance with mutual agreement of the parties.



(g)  The property described in Paragraphs (9), (10), (11), and (12) hereof constitutes all of the community property of the parties.  By this Agreement, the parties intend to divide said property equally between them.

(10)  As a part of the equal division and allocation of the community property of the parties, Husband and Wife agree that there shall be an equal division of the following property and interests in property, and each hereby transfers, conveys, assigns and quitclaims to the other as his or her sole and separate property, an undivided 50% interest in and to said property and interests:

(a)  Any and all distribution to either or both of the parties, payable and paid after July 14, 1978, from any and all contingent receipts from Atlantic Recording Corporation under the agreement dated August 30, 1966, with respect to master recordings of Husband and Wife jointly and severally.  It is agreed that Husband and Wife shall execute such notice as may be required to have one-half of the payments made payable directly to each of them, if either so elects.

- 5 -

rev. 7/13/78

(b)   Any and all distributions to either or both of the parties payable and paid after July 14, 1978, from any and all contingent receipts from Liberty/U.A. Inc. under the agreements dated from and after November 1, 1964, between Cher and York Records (and its assignee Atlantic Recording Corporation), Imperial Records and Liberty Records, with respect to master recordings recorded by Wife.  It is agreed that Husband and Wife shall execute such notice as may be required to have one-half of the payments made payable directly to each of them, if either so elects.

(c)   Any and all distributions to either or both of the parties payable and paid after July 14, 1978,   from any and all contingent receipts from MCA Records, Inc. under agreements dated January 1, 1972, and February 11, 1971, between MCA Records, Inc. and its assignor Kapp Records, Cher Enterprises, Inc., Husband and Wife with respect to master recordings of Husband and Wife jointly and severally.  It is agreed that Husband and Wife shall execute such notice as may be required to have one-half of the payments made payable directly to each of them, if either so elects.

(d)   Any and all of Husband's right, title and interest, individually or through any other business, corporation, firm or entity in which he has an interest (hereinafter referred to as "other business") including Chris-Marc Music, in and to contingent receipts payable and paid after July 14, 1978 from musical compositions and interests therein, written and composed, in whole or in part, by Husband or others prior

- 6 -

rev. 7/13/78

to February 1, 1974, and/or acquired by Husband, Chris-Marc Music, or other business, prior to said date in whole or in part, from all sources perpetually and throughout the world, based upon the amounts thereof received by Husband, Chris-Marc Music, or other business, less costs of conversion and collection (including sub-publishers' and collection fees and taxes, if any, withheld therefrom at the source) and obligations to pay royalties to the other writers. Husband agrees that his successors in interest, his assigns and all third parties with whom he or any of his other businesses contracts shall be subject to the rights of Wife as set forth in this Paragraph (10)(d). Husband agrees to account or to cause Chris-Marc Music or other business to account directly to Wife or any company she designates 50% of said future income of Husband, Chris-Marc Music or other business, under this Paragraph (10)(d). All said contingent receipts shall be subject to an administration fee to be kept and retained by the worldwide administrator(s), which administrator(s) to be engaged shall be subject to Husband's sole discretion. Said administration fee shall be a sum equivalent to 10% of the gross income actually received by Husband and Chris-Marc Music from all sources worldwide. Husband agrees that all agreements with third parties respecting the subject matter of this Paragraph (10) (d) are subject to the approval of Wife or Wife's representatives which approval will not be unreasonably withheld. Husband agrees that any such agreements will be on substantially the same terms and conditions as any other agreements made by

- 7 -

rev. 7/21/78

Husband with the same third parties with respect to subject matter which is not part of this Paragraph (10) (d).  Chris-Marc Music shall be controlled solely by Husband.

(e)  Any and all receipts of Cher Enterprises, Inc. payable from and after July 14, 1978, as a result of the following:  (1)  income derived from joint performances and professional activities of Husband and Wife both before and after February 1, 1974, and (2)  income derived as a result of the individual performances and professional activities of the parties prior to February 1, 1974, including, but not limited to, the "Sonny and Cher" television programming, together with any editing thereof to one-half hour shows for syndiciation or any other exploitation thereof, any feature motion pictures produced thereunder, etc.  All said receipts of Cher Enterprises, Inc. shall be subject to the following adjustments:  (1)  reasonable overhead allowance for the administrative costs of collecting and accounting to Wife, (2)  reasonable attorneys' fees with respect to new contracts for the use of old programs, (3)  any commissions paid to the William Morris Agency, and (4) any direct expenses incurred in the exploitation of the properties.  Husband agrees that he will cause Cher Enterprises, Inc. to account to the extent of 50% of said receipts directly to Wife or any company she designates.  However, to the extent that Wife receives any such receipts directly or through any other company, she shall be deemed to be satisfied to the extent of such receipts on any accounts payable to Wife by Husband under this Paragraph (10) (e).

rev. 7/13/78

(f)   Any and all receipts of Apis Productions, Inc. payable from and after July 14, 1978 as a result of income derived from any future exploitation of "Sonny and Cher" television programming. Wife agrees that she will cause Apis Productions, Inc. to account directly to Husband or any company he designates to the extent of 50% of net profits Husband may be entitled to pursuant to Paragraph I.1. of that certain Settlement Agreement dated November 21, 1975. For purposes of this Paragraph (10)(f), Paragraph I.1. of the said November 21, 1975 Settlement Agreement shall be deemed to remain in effect and as used herein, the term "net profits" shall be defined thereby.

(g)   Any and all other receipts and distributions to the parties individually or jointly or to any corporation, business or other entity owned or controlled by either party



from their professional endeavors performed or made jointly or with joint investments on their part both prior to February 1, 1974 and thereafter and after the effective date of this Agreement except as otherwise provided herein or otherwise agreed to in writing. Both parties warrant that each has not conveyed, transferred or encumbered any of the rights referred to in this paragraph (10).

(11) Husband hereby acknowledges that the following property is the sole and separate property of Wife and Wife agrees to assume and perform all obligations of whatsoever kind or character with respect to said separate property. To the extent that such property has not been previously so designated or transferred, Husband hereby transfers, conveys, assigns and quitclaims to Wife as her sole and separate property:

(a) All right, title and interest in and to the real property and improvements, or the proceeds from the sale or other disposition thereof, situated in the City of Los Angeles, County of Los Angeles, State of California and commonly known as 141 South Carolwood Drive, and in and to all furniture, furnishings and other personal property situated therein, or the proceeds from the sale or other disposition thereof;

(b) All right, title and interest in and to the personal property described in Exhibit "B" attached hereto, or the proceeds from the sale or other disposition thereof;

(c) All right, title and interest in and to all business interests, investments, securities, properties or interests in property of whatsoever kind or nature, or the

- 9 -

proceeds from the sale or other disposition thereof, acquired
by Wife subsequent to February 1, 1974, and standing in the
name of Wife;

(d)  All income heretofore received by Wife
from her individual and professional services performed after
February 1, 1974 and all income from her said services performed
after the effective date of this Agreement, except as otherwise
agreed to herein.

(12)  Wife hereby acknowledges that the following
property is the sole and separate property of Husband and Husband
agrees to assume and perform all obligations of whatsoever kind
or character with respect to said separate property.  To the
extent that such property has not been previously so designated
or transferred, Wife hereby transfers, conveys, assigns and
quitclaims to Husband as his sole and separate property:

(a)  All right, title and interest in and to
the real property and improvements, or the proceeds from the
sale or other disposition thereof, situated in the City of Los
Angeles, County of Los Angeles, State of California, commonly
known as 364 St. Cloud Road, and in and to all of the furniture,
furnishings and other personal property situated therein, or
the proceeds from the sale or other disposition thereof;

(b)  All right, title and interest in and to
the real property and improvements, or the proceeds from the
sale or other disposition thereof, situated in the City of
Palm Springs, County of Riverside, State of California and
commonly known as 256 Camino Buena Vista, Palm Springs,

- 10 -

California 92262, and in and to all furniture, furnishings and other personal property situated therein, or the proceeds from the sale or other disposition thereof;

(c) All right, title and interest in and to the personal property described in Exhibit "C" attached hereto, or the proceeds from the sale or other disposition thereof.

(d) All right, title, and interest in and to all business interests, investments, securities, properties, or interests in property of whatsoever kind or nature, or the proceeds from the sale or other disposition thereof, acquired by Husband subsequent to February 1, 1974, and standing in the name of Husband.

(e) All income heretofore received by Husband from his individual and professional services performed after February 1, 1974, and all income from his said services performed by him after the effective date of this Agreement; except as otherwise agreed to herein.

(13) The parties acknowledge that they have heretofore incurred the following potential joint liabilities:

(a) Sahara - Nevada Corporation v. Cher Enterprises, Inc., et al, U.S. District Court for the Central District of California, Case No. 77-3185-DWW, which case alleges anticipatory breach of contract and breach of contract by Cher Enterprises, Inc. and the parties hereto by failing to perform scheduled engagements at the Hotel Sahara in Las Vegas in and after October of 1973. The parties agree that all rights and respective liabilities as between themselves concerning this lawsuit are settled in Exhibit D.

rev. 7/13/78                  - 11 -

(b)   Potential continuing liability to Caesars
World, Inc., doing business as Caesars Palace in Las Vegas,
Nevada, for breach of contract for personal appearances, which
contracts were alleged to have been entered into prior to the
separation of the parties hereto.  The parties agree that all
rights and respective liabilities as between themselves concern-
ing this potential liability have been settled in Exhibit D.

(c)   Potential liability to Irwin O. Spiegel
for legal fees alleged to be owing to him.  Each party hereby
indemnifies and agrees to hold the other harmless to the extent
of 50% of any and all claims or judgments for legal fees owing
to Irwin O. Spiegel out of the joint income of the parties hereto.



rev. 7/31/78

(14)  (a)  Both parties represent and warrant that except as specifically set forth in this agreement neither has incurred any bills, debts or obligations for which the other may be liable.  Each party agrees to indemnify the other party for any such liability.

(b)  Each party shall be solely responsible for and shall indemnify the other from any responsibility for the payment, satisfaction and discharge of all debts, obligations, and liabilities of whatsoever kind or nature incurred by that party after February 1, 1974, or based upon facts occurring after said date, except as otherwise agreed to in writing by the parties or as expressly provided in this Agreement.

(c)  Insurance coverage on the transferred interests acquired as their respective separate property pursuant to Paragraphs (9), (10), (11) and (12) is hereby assigned to each recipient who shall hereafter pay the premiums due thereon.

(d)  Husband and Wife each hereby irrevocably assigns, transfers, and conveys to the other all of the income and distributions to which he or she is entitled by virtue of his or her ownership of all of the property and property interests described in Paragraphs (9), (10), (11) and (12) except as specifically limited in Paragraph (10) hereof.  Husband and Wife each covenants and warrants to the other that he or she will, concurrently with the execution of this Agreement, instruct the manager or managing entity of each of the subject

- 13 -

properties, trusts or other entities, in writing satisfactory to the
other, that the other is forthwith to receive all such income or dis-
tributions and all notices, statements, or tax returns directly as the
owner of his or her said interests. Husband and Wife hereby each ex-
pressly and irrevocably constitutes, makes and appoints the other his
or her true and lawful attorney for the purpose of executing, certify-
ing, acknowledging, filing or recording any instrument which may be
necessary to effectuate the intent of this subparagraph.

(e) By this agreement, Husband and Wife intend to settle
all rights and obligations between them including all aspects of their
marital and business rights and obligations. Except as otherwise pro-
vided by this agreement, each releases the other from all liabilities,
debts and obligations of every kind, whether previously or hereafter in-
curred, based upon any and all acts of the parties prior to the execution
hereof, including but not limited to, the following: any and all personal
obligations; any and all encumbrances on the other's property; any prior
failure of either party to render professional services to any third
parties and for any prior breach of employment contract, oral or written,
between either or both parties hereto and any third parties; any and all
obligations raised by or in any way connected with pleadings in Los
Angeles Superior Court Action No. WEC 32438 entitled Bono v. Bono, except
as otherwise provided by subsequent settlement agreements; any and all
obligations, including but not limited to any claims of malicious prose-
cution raised by or in any way connected with any of the pleadings in the
case of Sahara-Nevada Corporation v. Cher Enterprises, Inc. previously
referred to in Paragraph (13)(a) hereof, except as otherwise provided in
said Paragraph (13)(a) hereof; any and all obligations, including but not
limited to any claims of collusion or interference with settlement raised
by or in any way connected with any of the pleadings in the case of

- 14 -

DeCarlo v. Bono, Los Angeles Superior Court, Case No. WEC 29855; any and all obligations raised by or in any way connected with the pleadings in all litigation of any kind in which either or both of the parties or their respective business entities have been parties prior to the execution of this Agreement, as well as any lawsuits which may be filed in the future based in any way upon acts occurring or agreements entered into prior to the execution of this Agreement.

(f) Execpt as otherwise provided in this Agreement, including Exhibits hereto, the parties agree that they shall be jointly liable for any and all liabilities, debts, and obligations incurred, or based upon facts occuring prior to February 1, 1974, including any such liability, debt or obligation of Cher Enterprises, Inc.

(15) The provisions of this Agreement are intended to effect an equal division of all of the parties' community estate. Each party therefore agrees that the adjusted basis (for purposes of both federal and state income taxes) of each asset acquired under these paragraphs by such party as of the effective date of this Agreement, will not change by reason of this division. In the event that the federal or any state government or either party claims for federal or state income tax purposes that the adjusted basis for any such asset is different than the adjusted basis for such asset as of the effective date, and, as a result of such claim, the other party is subsequently assessed for additional federal or state

- 14a -

rev.   8/10/78

income taxes, that party shall indemnify the other party and hold him or her harmless from and against (i) any and all federal or state income tax liabilities arising from such assessments and (ii) any and all costs and expenses incurred by the other party in contesting such assessments (including reasonable



attorneys' fees).  Likewise, if as a result of said claim,
the other party realizes a tax savings, that party shall pay
to the other party such amounts so as to equalize the tax
savings between the two parties.

(16)  Each of the parties hereto does hereby expressly
waive any right to any spousal support from the other.

(17)  (a)  Wife shall have legal and physical custody
of their minor child, CHASTITY SUN BONO, with rights of super-
vision and control over all matters affecting the welfare and
well-being of said child.  Husband shall be consulted with
regard to the selection of any private school, doctors and
dentists for any continuing course of treatment (except in
the case of emergencies).  Notwithstanding the terms of this
Paragraph (17) (a), either party may submit the matters con-
tained in this paragraph to the court for its consideration
at the same time as the submission of the matters referred
to in Paragraph (17) (c) hereof.  If either party so elects,
proof of changed circumstances shall not be required.

(b)  Husband shall be entitled to reasonable
visitation, including the right to take and have the child
during all periods of visitation, it being understood that the
parties shall endeavor to arrive at a schedule of visitation so
as to equalize as much as reasonably possible, the time spent
by each of them with the child, guided by the sole criterion

- 15 -

as to what would be in the child's best interests physically, mentally, morally, and spiritually. The Court in case No. D 842 001 shall have continuing jurisdiction with respect to the custody of said child until the child marries or achieves her majority or until further order of the Court. In order that Husband's right to visitation shall not be impaired, Wife agrees to maintain a permanent residence for herself and their minor child within a radius of 100 miles of Los Angeles. This provision shall not prevent Wife from taking the said minor child outside this radius on trips and vacations, or for residency up to one-half of each year, upon reasonable notice to Husband, at reasonable times and for reasonable lengths of time. On every change of residence, Wife agrees to promptly notify Husband of her new address and telephone number.

(c)  The matter of child support to be paid by husband for months subsequent to December, 1977 shall hereafter be submitted to the Court in case No. D 842 001 for its determination of the responsibilities of the parties in connection therewith. With the consent of the Court, the parties agree to submit such issue of child support upon written statements and oral argument in closed session and without reference by either party to past amounts paid by Husband for child support. Husband shall be given a credit of one half of the amounts withdrawn and paid by him from the community for child support for months subsequent to December, 1977 and prior to the distribution of the community pursuant to Paragraph (9)(d) hereof as well as a credit for the full amount paid therefor by him from his separate funds; Husband shall be required to pay to or shall be entitled to receive from Wife, as the case may be, the difference between the amount of his credit for said period under this Paragraph (17)(c) and the amount ordered by the court to be paid by him.

(18) Each of the parties hereto has been represented by independent counsel of his and her choice in connection with the negotiation and preparation of this Agreement.

(19) This Agreement constitutes the entire agreement of the parties hereto and cannot be modified, amended, or changed in any respect except by an instrument in writing signed by both of the parties hereto.

(20) This Agreement shall be construed and interpreted under the laws of the State of California applicable to agreements both entered into and performed in said State.

(21) This Agreement shall be binding upon, and shall inure to the benefit of, each of the parties hereto, and their respective heirs and assigns.

(22) If any Court of competent jurisdiction should hold any provision of this Agreement to be invalid or unenforceable, the remaining provisions shall not be impaired or invalidated and shall continue with full force and effect.

(23) The warranties, representations and obligations in this Agreement shall survive its execution and delivery and the performances which are rendered in accordance therewith.

(24) Each party agrees to execute and deliver to the other such further and additional documents as are reasonably required to effect the purposes of this Agreement.

(25) The "effective date of this Agreement" as such term is used herein, shall be as of the execution hereof.

(26) Exhibits A,B,C,D,E,F and G are all attached hereto and made a part hereof.

rev. 7/31/78

- 17 -

Case 2:21-cv-08157-JAK-RAO Document 19-2 Filed 10/29/21 Page 27 of 63 Page ID #:183

IN WITNESS WHEREOF the parties hereto have executed this Agreement in Beverly Hills, California on the year and day first stated above.

_____
SALVATORE P. BONO

_____
CHER BONO ALLMAN

APPROVED:

MARVIN M. MITCHELSON

By _____
Attorney for Salvatore P. Bono

APPROVED:

RUDIN & PERLSTEIN

By _____
Attorneys for Cher Bono Allman

STATE OF CALIFORNIA )
                                          )
COUNTY OF LOS ANGELES ) ss.

On this ___10th___ day of ___August___,
1978, before me the undersigned, a Notary Public in and for
said County and State, personally appeared CHER BONO ALLMAN,
known to me to be the person whose name is subscribed to the
within MARRIAGE SETTLEMENT AGREEMENT and acknowledged that

- 18 -

rev. 7/13/78

she executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
HELEN MONTROSE
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires APR 23, 1979

9601 Wilshire Blvd., Beverly Hills, CA 90210

*Helen Montrose*
Notary Public in and for said
County and State

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF LOS ANGELES )

On this _____ day of _____, 1978,

before me, the undersigned, a Notary Public in and for said

County and State, personally appeared SALVATORE P. BONO, known

to me to be the person whose name is subscribed to the within

MARRIAGE SETTLEMENT AGREEMENT and acknowledged that he executed

the same.

WITNESS my hand and official seal.

Notary Public in and for said
County and State

- 19 -

EXHIBIT A

Schedule of Community Assets In the Custody of Husband's Representatives

1.  20,000 shares of common stock of Bellex Mines Corporation.

2.  4,300 shares of common stock of Babine International Resources Corporation.

3.  1,500 shares of Mattel Corporation.

4.  A 56.66% interest in the Saple Properties Limited Partnership.

5.  A 25% interest in the Santa Metrics Properties.

6.  A 75% interest in the real property known as Walker Estate Parcel 1 located in Los Angeles County, California.

7.  A 100% interest in the real property known as Walker Estate Parcel 2 located in Los Angeles County, California.

8.  City National Bank checking account number 019-038431.

9.  City National Bank savings account number 019-024994.

10.  Union Bank savings account number 206-0042514.

11.  A loan receivable from Dennis Pregnolato in the amount of $70,000 plus interest.

12.  Municipal Bonds - $300,000.00.

## EXHIBIT "B"

### Schedule of Wife's Separate Property - Personal Property

1. 1972 Ferrari automobile

2. Video projection equipment

3. Women's jewelry

4. Women's wardrobe

5. Life Insurance

   a) Connecticut Mutual Life Insurance Policy
   # 3114313 in the face amount of $750,000;

   b) Reliable Life Insurance Accidental Death
   and Dismemberment Policy # SR113004 in
   the face amount of $1,000,000;

   c) AFTRA Group Life Insurance Policy, Certificate
   # 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 in the face amount of $6,000;

   d) AFTRA Group Accidental Death and Dismemberment
   Policy, Certificate # 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 in the
   face amount of $6,000.

6. Cash previously distributed to Wife as her sole
   and separate property.

7. All other items of personal property purchased
   with her or community funds which are now in
   Wife's possession or under her control, or
   proceeds from the sale or other disposition
   thereof.

EXHIBIT "C"

Schedule of Husband's Separate Property - Personal Property

1.  1973 Ferrari automobile

2.  1970 Mercedes automobile

3.  1973 Jaguar automobile

4.  1973 Porsche automobile

5.  1975 BMW automobile

6.  1974 Porsche automobile

7.  Recording equipment

8.  Office furniture

9.  1,150 shares of Cher Enterprises, Inc.

10.  Men's wardrobe

11.  Cash previously distributed to Husband as his sole and separate property.

12.  All other items of personal property purchased with his or community funds which are now in Husband's possession or under his control, or proceeds from the sole or other disposition thereof.

13.  Chris-Marc Music

rev. 7/13/78

AGREEMENT

THIS AGREEMENT made and entered into this _10th_ day of _August_____, 1978, by and between SALVATORE P. BONO (hereinafter referred to as "SONNY"), CHER BONO ALLMAN (hereinafter referred to as "CHER") and CHER ENTERPRISES, INC. (hereinafter referred to as "CEI").

WHEREAS, the parties hereto are parties in the pending case of Sahara-Nevada Corporation d/b/a Hotel Sahara (hereinafter referred to as "Sahara") v. Cher Enterprises, Inc., et al, U.S. District Court for the Central District of California, Case No. 77-3185-DWW (hereinafter referred to as the "action"); and

WHEREAS, the parties are desirous of settling as between themselves all of their respective rights, remedies and liabilities in such action; and

WHEREAS, SONNY and CHER are entering into, concurrent with the execution of this Agreement, a Marriage Settlement Agreement which Marriage Settlement Agreement provides for CEI to have certain rights and obligations; and

WHEREAS, the parties hereto are desirous of agreeing between themselves to carry out the provisions of said Marriage Settlement Agreement which affect CEI;

NOW, THEREFORE, in consideration of the premises and in further consideration of the mutual covenants and conditions

contained herein, it is agreed as follows:

1. CHER hereby indemnifies SONNY and CEI and agrees to hold them harmless from any and all liability including but not limited to any judgments, costs, expenses, and attorneys' fees hereinafter incurred, which they may suffer by reason of their alleged failure to perform at the Sahara as alleged in the Complaint of the Sahara presently on file in said action.

2. SONNY hereby assigns to CHER his Counterclaim in the action against the Sahara, giving Cher full authority with respect thereto, including the authority to dismiss said Counterclaim as she may deem appropriate.

3. SONNY and CEI hereby assign to CHER their Cross-Complaint for Indemnity against CHER in the action, giving CHER full authority with respect thereto, including the authority to dismiss said Cross-Complaint as she may deem appropriate.

4. All parties hereby agree that subsequent to the execution of this Agreement, CHER shall control the litigation of the action on behalf of all parties hereto.

5. If the parties settle the action, in whole or in part, by performing together, and in connection with such performances SONNY and CHER receive compensation therefor, all parties agree that said compensation shall be divided equally between SONNY and CHER.

6. If CHER elects to settle the action with the Sahara, in whole or in part, by performing at a Del Webb Corporation facility without SONNY and she receives any compensation therefor from Del Webb Corporation, all parties agree that the gross receipts from such performances shall be divided

- 2 -

rev. 7/19/78

equally between SONNY and CHER up to a maximum compensation of the
original contract price between the parties and the Sahara for the
remaining number of weeks of alleged obligation of SONNY and
CHER to perform under said contract. Any compensation received
by CHER in excess of said maximum amount as described in this
paragraph shall be retained by CHER. If CHER elects to settle
the action with the Sahara in any other way which settlement does
not include any compensation to the parties, CHER shall have no
obligation to make any payments of money to SONNY or CEI. The
language of this paragraph is to be strictly construed and SONNY
and CEI agree that CHER will have full authority to settle with
the Sahara on behalf of all parties hereto in any manner.

7. SONNY and CEI agree to cooperate in good faith
in connection with the further prosecution or defense of the
action by CHER on behalf of all parties hereto. SONNY and
CEI agree to make no statements nor take any actions which
would be an admission of liability or would in any other way
prejudice the prosecution or defense of said action.

8. All parties agree that each shall bear the cost
of his or her own attorneys' fees prior to the execution of
this Agreement. Subsequent to the date of this Agreement,
CHER shall be responsible for the legal fees of the parties
in connection with the prosecution, defense and settlement of
this action.

9. All parties agree that CEI shall have all of the
rights and be subject to all of the obligations created by or

rev. 7/13/78
JDF

- 3 -

referred to in Paragraph (10)(e) of the Marriage Settlement Agreement of SONNY and CHER, a copy of which is attached hereto and made a part hereof.

10.   CEI expressly agrees to account directly to CHER, or any company she designates, 50% of the receipts referred to in said Paragraph (10)(e) of said Marriage Settlement Agreement.

11.   CHER hereby agrees that she will obtain from the Del Webb Corporation and Caesars World, Inc. within ten days from the execution hereof letters from each such organization stating that, based upon any contracts or alleged contracts with the parties hereto, they will not at any time interfere with or attempt to restrain SONNY'S performing in Nevada or elsewhere. Should (a) CHER fail to receive either of the above-mentioned letters within ten days of the execution hereof and either of said organizations thereafter interfere with or attempt to restrain SONNY'S performing in Nevada or elsewhere, or should (b) CHER receive the above-mentioned letters within ten days from the execution hereof, and, notwithstanding such receipt, either of said organizations thereafter interfere with or attempt to restrain SONNY'S performing in Nevada or elsewhere, CHER hereby agrees to indemnify SONNY and CEI from any and all damages suffered by SONNY or CEI by reason of (a) or (b) above.

12.   Each party hereby releases all other parties hereto from liability for any prior failure of SONNY or CHER to render professional services to any third parties and for

- 4 -

rev. 7/13/78

any prior breach of employment contract between any of the parties hereto.

13. Each party hereto hereby generally releases all other parties hereto from all liabilities, debts and obligations of every kind, except as otherwise agreed to herein, in the attached Marriage Settlement Agreement, or in any other Agreement entered into concurrently with the execution hereof.

14. All parties agree to execute such further documents as may be required in order to effectuate the provisions of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in Beverly Hills, California, on the year and day first stated above.

_____
SALVATORE P. BONO

_____
CHER BONO ALLMAN

CHER ENTERPRISES, INC.

By _____

Approved:

MARVIN M. MITCHELSON

By _____
Attorney for SALVATORE P. BONO and
CHER ENTERPRISES, INC.

Approved:

RUDIN & PERLSTEIN

By _____
Attorneys for CHER BONO ALLMAN

- 5 -

rev. 7/13/78

EXHIBIT E

## AMENDMENT AGREEMENT

Amendment dated _August 10,_ , 1978, to
the SETTLEMENT AGREEMENT made on November 21, 1975 between
SALVATORE P. BONO (hereinafter referred to as "Sonny"), CHER
BONO ALLMAN (hereinafter referred to as "Cher"), CHER ENTER-
PRISES, INC. (hereinafter referred to as "CEI"), and APIS
PRODUCTIONS, INC. (hereinafter referred to as "API").

(1)  The parties acknowledge that as of the date
of this Agreement, Sonny has received $765,591.00 as his aggre-
gate net receipts from the personal appearances under Paragraph
II of said Settlement Agreement and that $234,409.00 remains
under the terms thereof to be earned by Sonny or paid by Cher
to Sonny prior to December 31, 1978.

(2)  Cher agrees to pay to Sonny within seven days
after the execution of this Agreement, or to give Sonny an
appropriate credit in the division of their community property
the amount remaining to be paid under Paragraph II of said
Settlement Agreement.

(3)  Sonny and CEI agree that by payment of the
said amount, Cher and API have satisfied in full all of the
obligations incurred by them under Paragraphs II and III of
said Settlement Agreement.

(4)  All parties agree that any and all remaining
reserves and foreign tax rebates that are available for
distribution after all contingent obligations have been fully

Rev 7-13-78
JDF

paid shall be distributed equally between Sonny and Cher.

(5) All parties agree that if Sonny and Cher perform together subsequent to the date of the Amendment Agreement, all income therefrom shall be divided equally between them, unless otherwise agreed to by Sonny and Cher.

(6) It is the intent of all parties hereto to effect a complete settlement of all executory provisions of the November 21, 1975 agreement between the parties. Except as otherwise provided in this Amendment Agreement, or elsewhere in this Marriage Settlement Agreement, each party hereto releases all others from any and all liabilities, debts and obligations of every kind in any way connected with the subject matter of Los Angeles Superior Court Action No. WEC 32438 entitled Bono v. Bono, as well as with the Settlement Agreement dated November 21, 1978 and with all rights and obligations created thereunder.

(7) Each party hereto hereby generally releases all other parties hereto from all liabilities, debts and obligations of every kind, except as otherwise agreed to herein, in the Marriage Settlement Agreement of Sonny and Cher entered into concurrently with the execution hereof and in any other Agreement entered into concurrently with the execution hereof.

rev. 7/19/78

(8) Each party hereby releases all other parties hereto from liability for any prior failure of Sonny or Cher to render professional services to any third parties and for any prior breach of employment contract, oral or written, between any of the parties hereto and any third parties.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in Beverly Hills, California, on the year and day first stated above.

SALVATORE P. BONO

CHER BONO ALLMAN

CHER ENTERPRISES, INC.

By

APIS PRODUCTIONS, INC.

By

Approved:

MARVIN M. MITCHELSON

By
Attorney for SALVATORE P. BONO
and CHER ENTERPRISES, INC.

Approved:

RUDIN & PERLSTEIN

By
Attorneys for CHER BONO ALLMAN
and APIS PRODUCTIONS, INC.

rev. 7/13/78                                    - 3 -

EXHIBIT F

## AGREEMENT

THIS AGREEMENT made and entered into this _10TH_
day of _AUGUST_, 1978 by and between SALVATORE P.
BONO (hereinafter referred to as "SONNY"), CHER BONO ALLMAN
(hereinafter referred to as "CHER") and APIS PRODUCTIONS, INC.
(hereinafter referred to as "API").

WHEREAS, SONNY and CHER are entering into, concurrent
with the execution of this Agreement, a Marriage Settlement
Agreement, which Marriage Settlement Agreement provides for
API to have certain rights and obligations; and

WHEREAS, the parties hereto are desirous of agreeing
between themselves to carry out the provisions of said Marriage
Settlement Agreement which affect API;

NOW, THEREFORE, in consideration of the premises and
in further consideration of the mutual covenants and condi-
tions contained herein, it is agreed as follows:

1. All parties agree that API shall have all
of the rights and shall be subject to all of the obligations
created by or referred to in Paragraph (10) (f) of the Marriage
Settlement Agreement of SONNY and CHER, a copy of which is attached
hereto and made a part hereof.

2. (a) API expressly agrees to account directly to
SONNY or any company he designates 50% of the net profits of API
with respect to any exploitation of Sonny and Cher joint tele-
vision programming as provided in Paragraph (10) (f) of said
Marriage Settlement Agreement.

rev. 7/13/78

(b)  API expressly agrees to account directly to CHER or any company she designates 50% of the net profits of API with respect to any exploitation of Sonny and Cher joint television programming as provided in Paragraph (10) (f) of said Marriage Settlement Agreement.

3.  All parties agree to execute such further documents as may be required in order to effectuate the provisions of this Agreement.

4.  Each party hereto hereby generally releases all other parties hereto from all liabilities, debts and obligations of every kind, except as otherwise agreed to herein or in the attached Marriage Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement in Beverly Hills, California, on the year and day first above stated.

_____
SALVATORE P. BONO

_____
CHER BONO ALLMAN

APIS PRODUCTIONS, INC.

By _____

Approved:

MARVIN M. MITCHELSON

By _____
Attorney for Salvatore P. Bono

RUDIN & PERLSTEIN

By _____
Attorneys for Cher Bono Allman and Apis Productions, Inc.

- 2 -

EXHIBIT G

## AGREEMENT

THIS AGREEMENT made and entered into this _10th_ day of _AUGUST_ , 1978 by and between SALVATORE P. BONO (hereinafter referred to as "SONNY"), CHER BONO ALLMAN (hereinafter referred to as "CHER") and CHRIS-MARC MUSIC (hereinafter referred to as "CHRIS-MARC").

WHEREAS, SONNY and CHER are entering into, concurrent with the execution of this Agreement, a Marriage Settlement Agreement, which Marriage Settlement Agreement provides for CHRIS-MARC to have certain rights and obligations; and

WHEREAS, the parties hereto are desirous of agreeing between themselves to carry out the provisions of said Marriage Settlement Agreement which affect CHRIS-MARC;

NOW, THEREFORE, in consideration of the premises and in further consideration of the mutual covenants and conditions contained herein, it is agreed as follows:

1. All parties agree that CHRIS-MARC shall have all of the rights and shall be subject to all of the obligations created by or referred to in Paragraph (10) (d) of the Marriage Settlement Agreement of SONNY and CHER, a copy of which is attached hereto and made a part hereof.

2. (a) CHRIS-MARC expressly agrees to account directly to CHER or any company she designates 50% of the future income of CHRIS-MARC as provided in Paragraph (10) (d) of said Marriage Settlement Agreement.

rev. 7/13/78

(b)  CHRIS-MARC expressly agrees to account directly to SONNY or any company he designates 50% of the future income of CHRIS-MARC as provided in Paragraph (10) (d) of said Marriage Settlement Agreement.

3.  All parties agree to execute such further documents as may be required in order to effectuate the provisions of this Agreement.

4.  Each party hereto hereby generally releases all other parties hereto from all liabilities, debts and obligations of every kind, except as otherwise agreed to herein or in the attached Marriage Settlement Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement in Beverly Hills, California, on the year and day first above stated.

_____
SALVATORE P. BONO

_____
CHER BONO ALLMAN

CHRIS-MARC MUSIC

By _____
Salvatore P. Bono

Approved:

MARVIN M. MITCHELSON

By _____
Attorney for Salvatore P. Bono and
Chris-Marc Music

RUDIN & PERLSTEIN

By _____
Attorneys for Cher Bono Allman

- 2 -

# EXHIBIT B



# Certificate of Recordation

This is to certify that the attached document was recorded on the date and in the place shown below.

This certificate is issued under the seal of the United States Copyright Office.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

October 14, 2016

Date Of Recordation

9927                     332

Volume                  Doc. No.

© **Form DCS** (Document Cover Sheet)
**For Recordation of Documents under 17 U.S.C. §205**

UNITED STATES COPYRIGHT OFFICE

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at www.copyright.gov, write the Copyright Office, or call (202) 707-3000 or 1-877-476-0778 (toll free).

Volume _9927_    Document _332_

Volume _____    Document _____

Date of recordation   M _10_  D _14_  Y _16_
(ASSIGNED BY THE COPYRIGHT OFFICE)

Funds received _____

**Privacy Act Notice:** Sections 205 and 705 of title 17 of the *United States Code* authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for recordation. By providing this information, you are agreeing to routine uses of the information that include publication to give legal notice of your recordation pursuant to 17 U.S.C. §§ 205 and 705. The information will appear in the Office's online Public Catalog. If you do not provide the information requested, recordation may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS

*To the Register of Copyrights: Please record the accompanying original document or its properly certified copy.*

**1** First party name given in the document
Cotillion Music Inc.
(IMPORTANT: *Please read instruction for this and other spaces.*)

**2** First title given in the document
900 QUETZALS

**3** Total number of titles in the document   109

**4** Return receipt requested
☑ If checked, please enclose a self-addressed postage-paid envelope.

**5** Electronic title list enclosed
☐ If checked, please enclose an acceptable digital storage medium containing a properly formatted title list.

**6** Amount of fee calculated   $490

**7** Fee enclosed
☑ Check          ☐ Money order
☐ Fee authorized to be charged to Copyright Office deposit account

Deposit account number _____

Deposit account name _____

**8** Completeness of document
☑ All attachments referenced in this document are included.

☐ One or more attachments referenced in this document is missing but (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.

**9** Certification of photocopied documents

Complete this certification if a photocopy of the original signed document is being submitted instead of the document bearing the actual original signature.

**NOTE:** This space may not be used for documents that require an official certification.

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document.

Signature _____   Date 10/3/2016

Duly authorized agent of Mary Bono, Chianna Maria Bono and Chesare Elan Bono

**10** Return to

Name Alter, Kendrick & Baron, LLP

Number/street 156 Fifth Avenue      Apt/suite 1208

City New York      State NY   Zip 10010

Phone number 212-707-8377      Fax number 212-647-8317

Email katie.baron@akbllp.com

SEND TO: *Library of Congress, Copyright Office-DOC, 101 Independence Avenue SE, Washington, DC 20559-6000*

INCLUDE ALL OF THESE TOGETHER: (1) two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights*; (3) your document; (4) if a return receipt is requested, a self-addressed postage-paid envelope; (5) if enclosing an electronic title list, an acceptable digital storage medium containing a title list in the prescribed format.

FORM DCS   REVIEWED: 11/2014   Printed on recycled paper

**VIA FIRST-CLASS CERTIFIED MAIL RETURN RECEIPT REQUESTED**

September 30, 2016

Cotillion Music Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Chappell-Co Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025

Greene Knight Music
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Sound Harmonics
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Glenmar Publishing Company
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Super Sayin Publishing
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

Universal Music Z Songs
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

50 Cent Music
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Songs of Universal Inc.
2100 Colorado Avenue
Santa Monica, CA 90404

Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Ten-East Music
24 Schooner Hill
Oakland, CA 94618

EMI Unart Catalog Inc.
8 Music Square West
Nashville, TN 37203-3204

Mother Bertha Music Inc.
8 Music Square West
Nashville, TN 37203-3204

Sony/ATV Songs LLC
c/o Sony/ATV Music Publishing
8 Music Square West
Nashville, TN 37203-3204

Conrad Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Arc Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Crow Jane Alley Music
c/o BMG Rights Management
US LLC
d/b/a BMG Bumblebee
6100 Wilshire Blvd. Suite 1600
Los Angeles, CA 90048-5465

BMG Ruby Songs
c/o BMG Rights Management
US LLC
1745 Broadway, 19th Floor
New York, NY 10019

Larina Music
c/o Cohen and Cohen
1180 S. Beverly Drive Suite 510
Los Angeles, CA 90035-1157

Laughter Music
PO Box 2630
Hollywood, CA 90028

Murbo Music Publishing Inc.
5 W. 37th Street, Floor 6
New York, NY 10018-5349

Peermusic III Ltd.
250 W. 57th Street, Suite 820
New York, NY 10107-0814

Hidle Music
c/o TH and J Publishing
P.O. Box 31428
Houston, TX 77231-1428

Little Darlin Music
24902 Malibu Road
Malibu, CA 90265-4618

Reservoir Media Music
c/o Reservoir Media
Management Inc.
225 Varick Street
6th Floor, Suite 600
New York, NY 10014

**RE:  NOTICE OF TERMINATION UNDER 17 U.S.C. Section 304(c)**

Dear Sir or Madam:

V8927 D332 P 2

Pursuant to 17 U.S.C. Section 304(c), notice of termination of the grant of the transfer or license of copyright and of any rights under copyright with respect to the musical compositions listed below is hereby served by the successors of the deceased author Salvatore Phillip Bono a.k.a. Don Christy a.k.a. Sonny Bono ("Sonny Bono"). Sonny Bono's surviving spouse is Mary Bono. Sonny Bono's sole surviving children are Chianna Maria Bono, Chesare Elan Bono, Christy Bono and Chaz Salvatore Bono. The persons executing this notice who constitute more than one-half of Sonny Bono's termination interest are Mary Bono (50%), Chianna Maria Bono (12.5%) and Chesare Elan Bono (12.5%).

To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate the grant under section 304(c) of title 17, U.S.C., or by their duly authorized agents. This notice is being served on the grantee or the grantee's successor in title whose rights are being terminated at each of the addresses identified below.

Name of Each Grantee Whose Rights Are
Being Terminated, or the Grantee's Successor
in Title, and Each Address at Which
Service of the Notice Is Being Made:

Cotillion Music Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Chappell-Co Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025

Greene Knight Music
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Sound Harmonics
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Glenmar Publishing Company
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Super Sayin Publishing
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

Universal Music Z Songs
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

50 Cent Music
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Songs of Universal Inc.
2100 Colorado Avenue
Santa Monica, CA 90404

Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Ten-East Music
24 Schooner Hill
Oakland, CA 94618

EMI Unart Catalog Inc.
8 Music Square West
Nashville, TN 37203-3204

Mother Bertha Music Inc.
8 Music Square West
Nashville, TN 37203-3204

Sony/ATV Songs LLC
c/o Sony/ATV Music Publishing
8 Music Square West
Nashville, TN 37203-3204

Conrad Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Arc Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Crow Jane Alley Music
c/o BMG Rights Management
US LLC
d/b/a BMG Bumblebee
6100 Wilshire Blvd. Suite 1600
Los Angeles, CA 90048-5465

BMG Ruby Songs
c/o BMG Rights Management
US LLC
1745 Broadway, 19th Floor
New York, NY 10019

Larina Music
c/o Cohen and Cohen
1180 S. Beverly Drive Suite 510
Los Angeles, CA 90035-1157

Laughter Music
PO Box 2630
Hollywood, CA 90028

Murbo Music Publishing Inc.
5 W. 37th Street, Floor 6
New York, NY 10018-5349

Peermusic III Ltd.
250 W. 57th Street, Suite 820
New York, NY 10107-0814

Hidle Music
c/o TH and J Publishing
P.O. Box 31428
Houston, TX 77231-1428

Little Darlin Music
24902 Malibu Road
Malibu, CA 90265-4618

Reservoir Media Music
c/o Reservoir Media Management Inc.
225 Varick Street
6th Floor, Suite 600
New York, NY 10014

| | |
|---|---|
| Title of Work: | See Schedule A |
| Name of At Least One Author: | Sonny Bono |
| Date Copyright Was Originally Secured: | See Schedule A |
| Original Copyright Registration Number: | See Schedule A |
| Brief Statement Reasonably Identifying the Grant(s) To Which the Notice of Termination Applies: | All exclusive or nonexclusive grants of transfer or license of copyright, of any rights under copyright and all rights of copyright proprietor, including administration, recording and performance rights, in and to the above work |
| Effective Date of Termination: | See Schedule A |
| Name / Relationship to Deceased Author / Percentage of Author's Termination Interest and Address of Each Person Terminating Grant: | Mary Bono / Widow of Author / 50% c/o Alter, Kendrick & Baron, LLP 156 Fifth Avenue, Suite 1208 New York, NY 10010 |
| | Chianna Maria Bono / Daughter of Author / 12.5% c/o Alter, Kendrick & Baron, LLP 156 Fifth Avenue, Suite 1208 New York, NY 10010 |
| | Chesare Elan Bono / Son of Author / 12.5% c/o Alter, Kendrick & Baron, LLP 156 Fifth Avenue, Suite 1208 New York, NY 10010 |
| Signature: | Lisa Alter, Attorney-in-Fact and duly authorized agent for Mary Bono, Chianna Maria Bono and Chesare Elan Bono c/o Alter, Kendrick & Baron, LLP 156 Fifth Avenue, Suite 1208 New York, NY 10010 |

## SCHEDULE A

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| 900 QUETZALS | 10/11/1965 | EU907084 | 10/11/2021 |
| B.J. QUETZAL | 10/11/1965 | EU907085 | 10/11/2021 |
| BABY, DON'T GO | 4/2/1965 | EU875079 | 4/2/2021 |
| BANG BANG | 2/17/1966 | EU825604 | 2/17/2022 |
| BANG BANG | 4/15/1966 | EP215557 | 4/15/2022 |
| BEAT GOES ON, THE | 12/30/1966 | EU972894 | 12/30/2022 |
| BEAT GOES ON, THE | 3/16/1967 | EP244389 | 3/16/2023 |
| BEAUTIFUL STORY, A | 5/11/1967 | EU994871 | 5/11/2023 |
| BEAUTIFUL STORY, A | 3/28/1968 | EP245554 | 3/28/2024 |
| BIGGEST FOOL, THE | 6/25/1962 | EU725221 | 9/30/2018 |
| BOY NEXT DOOR, THE | 10/11/1965 | EU910887 | 10/11/2021 |
| BUT I CAN'T LOVE YOU MORE | 9/22/1967 | EU15967 | 9/22/2023 |
| BUT YOU'RE MINE | 9/23/1985 | EU904404 | 9/23/2021 |
| BUT YOU'RE MINE | 10/27/1967 | EP244925 | 10/27/2023 |
| C.C. BLUES | 11/26/1965 | EU917385 | 11/26/2021 |
| CAN IT BE? | 3/10/1958 | EU515964 | 9/30/2018 |
| CHASTITY LOVE THEME | 7/30/1969 | EU128849 | 7/30/2025 |
| CIRCUS | 2/14/1968 | EU36875 | 2/14/2024 |
| DON'T TALK TO STRANGERS | 6/20/1966 | EU944611 | 6/20/2022 |
| DREAM BABY | 4/2/1965 | EU875080 | 4/2/2021 |
| DREAM BABY | 3/20/1968 | EU43877 | 3/20/2024 |
| EVERYDAY | 3/8/1962 | EU709915 | 9/30/2018 |
| FIRST TIME, THE | 10/9/1969 | EU141751 | 10/9/2025 |
| FLIPPIN' | 11/18/1957 | EU503005 | 9/30/2018 |
| FLOWERS | 7/30/1969 | EU128846 | 7/30/2025 |
| GEORGIA AND JOHN QUETZAL | 10/27/1965 | EP209228 | 10/27/2021 |
| GET IT TOGETHER | 5/21/1970 | EU183600 | 5/21/2026 |
| GO SHOUT IT ON THE MOUNTAIN | 11/26/1965 | EU917383 | 11/26/2021 |
| GOOD TIMES | 5/16/1966 | EU938061 | 5/16/2022 |
| GOOD TIMES | 3/28/1988 | EP245555 | 3/28/2024 |
| HAVE I STAYED TOO LONG? | 4/18/1966 | EU934808 | 4/18/2022 |
| HAVE I STAYED TOO LONG? | 6/10/1966 | EU941580 | 6/10/2022 |
| HEY, NOW | 10/7/1957 | EU496446 | 9/30/2018 |
| HOLD YOU TIGHTER | 6/11/1970 | EU192906 | 6/11/2026 |
| I CAN'T DANCE | 11/26/1965 | EU917384 | 11/26/2021 |
| I FEEL SOMETHING IN THE AIR | 7/29/1966 | EU950780 | 7/29/2022 |
| I GOT YOU, BABE | 7/15/1965 | EU893024 | 7/15/2021 |
| I GOT YOU, BABE | 8/24/1965 | EP207869 | 8/24/2021 |
| I JUST SIT THERE | 11/2/1967 | EU22313 | 11/2/2023 |
| I KNOW | 8/10/1959 | EU590412 | 9/30/2018 |
| I LIKE IT, JUST LIKE THAT | 4/18/1960 | EU621139 | 9/30/2018 |
| I LOOKED FOR YOU | 11/4/1965 | EU911372 | 11/4/2021 |
| I LOST ALL FAITH | 6/3/1985 | EP209159 | 6/3/2021 |
| I TOLD MY GIRL TO GO AWAY | 9/6/1967 | EU13687 | 9/6/2023 |
| I WOULD MARRY YOU TODAY | 9/22/1967 | EU15869 | 9/22/2023 |
| IF YOU ONLY KNEW THE THINGS YOU DO TO ME | 2/10/1958 | EU510635 | 9/30/2018 |
| I'M GONNA HOLD YOU TIGHTER | 12/8/1969 | EU151152 | 12/8/2025 |
| I'M GONNA LOVE YOU | 10/25/1965 | EU909021 | 10/25/2021 |
| I'M MAD AT YOU | 10/27/1958 | EU548294 | 9/30/2018 |

**SCHEDULE A**

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| IT'S GONNA RAIN | 6/1/1965 | EU885874 | 6/1/2021 |
| IT'S GONNA RAIN | 9/22/1965 | EP208389 | 9/22/2021 |
| IT'S THE LITTLE THINGS | 6/13/1966 | EU943567 | 6/13/2022 |
| IT'S THE LITTLE THINGS | 3/28/1968 | EP245553 | 3/28/2024 |
| I'VE BEEN CHEATED | 7/20/1961 | EU679430 | 9/30/2018 |
| JUST A NAME | 6/3/1966 | EU942157 | 6/3/2022 |
| JUST YOU | 9/22/1965 | EP208390 | 9/22/2021 |
| JUST YOU | 10/11/1965 | EU910888 | 10/11/2021 |
| KOKO JOE | 7/25/1958 | EU534828 | 9/30/2018 |
| KOKO JOE | 7/10/1967 | EP234992 | 7/10/2023 |
| LAUGH AT ME | 8/2/1965 | EU895183 | 8/2/2021 |
| LAUGH AT ME | 9/22/1965 | EP208391 | 9/22/2021 |
| LITTLE MAN | 9/9/1966 | EU962466 | 9/9/2022 |
| LITTLE MAN | 11/1/1966 | EP223940 | 11/1/2022 |
| LITTLE MISS COOL | 7/20/1961 | EU679433 | 9/30/2018 |
| LIVING FOR YOU | 11/30/1966 | EU968124 | 11/30/2022 |
| LOVE, DON'T COME | 2/1/1966 | EU922387 | 2/1/2022 |
| MAMA | 1/27/1967 | EU978370 | 1/27/2023 |
| MARCI-PARCI QUETZAL | 10/11/1965 | EU907063 | 10/11/2021 |
| MIDNIGHT SURF | 11/4/1965 | EU911374 | 11/4/2021 |
| MONDAY | 9/8/1966 | EU962468 | 9/9/2022 |
| MOTEL I | 7/30/1969 | EU128847 | 7/30/2025 |
| MOTEL II | 7/30/1969 | EU128848 | 7/30/2025 |
| MY BEST FRIEND'S GIRL IS OUT OF SIGHT | 9/22/1967 | EU15970 | 9/22/2023 |
| NEEDLES AND PINS | 3/8/1963 | EP173237 | 3/8/2019 |
| NEEDLES AND PINS | 6/10/1963 | EP176372 | 6/10/2019 |
| ONE LITTLE ANSWER | 8/24/1959 | EU582465 | 9/30/2018 |
| PAMMIE'S ON A BUMMER | 9/22/1967 | EU15966 | 9/22/2023 |
| PLASTIC MAN | 6/22/1967 | EU1420 | 6/22/2023 |
| PODUNK | 3/6/1967 | EU987285 | 3/6/2023 |
| QUETZAL AND JUDE | 10/11/1965 | EU907082 | 10/11/2021 |
| RED RIVER QUETZAL | 1/6/1966 | EU919258 | 1/6/2022 |
| REVOLUTION KIND, THE | 10/27/1965 | EP209158 | 10/27/2021 |
| SCORE FROM MOTION PICTURE "NEW TIMES" | 12/28/1966 | EU972695 | 12/28/2022 |
| SHE SAID, "YEAH" | 1/26/1959 | EU559274 | 9/30/2018 |
| SHE SAID, "YEAH" | 8/1/1967 | EP235540 | 8/1/2023 |
| SHE'S NO BETTER THAN ME | 11/26/1965 | EU817388 | 11/26/2021 |
| SOMEONE NEW | 12/19/1957 | EU506056 | 9/30/2018 |
| STAN QUETZAL | 10/11/1965 | EU910890 | 10/11/2021 |
| STRING FEVER | 10/10/1966 | EU960899 | 10/10/2022 |
| TEARDROPS | 4/8/1959 | EU571076 | 9/30/2018 |
| THEME FOR CHASTITY | 10/31/1968 | EU82149 | 10/31/2024 |
| THUNDERBIRD | 3/31/1958 | EU519946 | 9/30/2018 |
| TIGHT SWEATER | 8/22/1961 | EU684097 | 9/30/2018 |
| TONY | 8/2/1965 | EU895184 | 8/2/2021 |
| TOUCH AND GO | 3/31/1958 | EU519947 | 9/30/2018 |
| TRUST ME | 5/16/1966 | EU939062 | 5/16/2022 |
| UPTOWN JERK | 10/25/1965 | EU909022 | 10/25/2021 |
| WEARING BLACK | 6/24/1959 | EU582464 | 9/30/2018 |

## SCHEDULE A

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| WEARING BLACK | 2/7/1962 | EU705929 | 9/30/2018 |
| WHAT A NIGHT | 8/10/1959 | EU590411 | 9/30/2018 |
| WHERE DO YOU GO? | 10/25/1965 | EU909026 | 10/25/2021 |
| WILL YOU DANCE WITH ME AGAIN? | 11/4/1965 | EU911373 | 11/4/2021 |
| YEAH, YEAH, YEAH | 11/26/1965 | EU917387 | 11/26/2021 |
| YOU AND ME | 9/22/1967 | EU15968 | 9/22/2023 |
| YOU BUG ME, BABY | 10/2/1957 | EU495816 | 9/30/2018 |
| YOU GOTTA HAVE A THING OF YOUR OWN | 8/15/1968 | EU69011 | 8/15/2024 |
| YOU'D BETTER SIT DOWN, KIDS | 9/18/1967 | EU15130 | 9/18/2023 |
| YOU'D BETTER SIT DOWN, KIDS | 2/2/1968 | EP244289 | 2/2/2024 |
| YOU'RE A FRIEND OF MINE | 5/27/1969 | EU118198 | 5/27/2025 |

V5927 D332 P 7

# MAIL MANIFEST REPORT

| Received Date | Company | Name | Address | Address2 | City | State | ZIP | Mail Class/Service | USPS Certified Tracking# | Total | Rate/Type | User |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/30/2016 | Cotillion Music Inc. | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008811 60989719 | $6.23 | Bono | 51866 |
| 09/30/2016 | Chappell-Co Inc. | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025- | Certified with Return Receipt (Signature) | 94148102008832 05374887 | $6.23 | Bono | 51866 |
| 09/30/2016 | Greene Knight Music | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008811 60996717 | $6.23 | Bono | 51866 |
| 09/30/2016 | Sound Harmonics | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008821 61083079 | $6.23 | Bono | 51866 |
| 09/30/2016 | Glenmar Publishing Company | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008291 61139986 | $6.23 | Bono | 51866 |
| 09/30/2016 | Super Sayin Publishing | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404-3504 | Certified with Return Receipt (Signature) | 94148102008821 61091036 | $6.23 | Bono | 51866 |
| 09/30/2016 | Universal Music Z Songs | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404-3504 | Certified with Return Receipt (Signature) | 94148102007931 44913880 | $6.23 | Bono | 51866 |
| 09/30/2016 | 50 Cent Music | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008811 61015561 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Songs of Universal Inc. | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008281 61195947 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008832 05404133 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Ten-East Music | 24 Schooner Hill | | Oakland | CA | 94618- | Certified with Return Receipt (Signature) | 94148102008303 08022139 | $6.23 | Bono | 51866 |
| 09/30/2016 | | EMI Unart Catalog Inc. | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008821 61113189 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Mother Bertha Music Inc. | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008291 61167644 | $6.23 | Bono | 51866 |
| 09/30/2016 | SonyATV Songs LLC | care of SonyATV Music Publishing | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008811 61033312 | $6.23 | Bono | 51866 |
| 09/30/2016 | Conrad Music | care of BMG Platinum Songs US | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008832 05418079 | $6.23 | Bono | 51866 |
| 09/30/2016 | Arc Music | care of BMG Platinum Songs US | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008811 61039130 | $6.23 | Bono | 51866 |
| 09/30/2016 | Crow Jane Alley Music co BMG Rights Management | US LLC dba BMG Bumblebee | 6100 Wilshire Blvd. Suite 1600 | | Los Angeles | CA | 90048-5485 | Certified with Return Receipt (Signature) | 94148102007931 44947397 | $6.23 | Bono | 51866 |
| 09/30/2016 | BMG Ruby Songs | care of BMG Rights Management US LLC | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008303 08048214 | $6.23 | Bono | 51866 |
| 09/30/2016 | Larina Music | care of Cohen and Cohen | 1180 S. Beverly Drive Suite 510 | | Los Angeles | CA | 90035-1157 | Certified with Return Receipt (Signature) | 94148102007931 44954579 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Laughter Music | PO Box 2630 | | Hollywood | CA | 90028- | Certified with Return Receipt (Signature) | 94148102007931 44957204 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Murbo Music Publishing Inc. | 5 W. 37th Street, Floor 6 | | New York | NY | 10018-5349 | Certified with Return Receipt (Signature) | 94148102008832 05447994 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Peermusic III Ltd. | 250 W 57th Street, Suite 820 | | New York | NY | 10107-0814 | Certified with Return Receipt (Signature) | 94148102007931 44970111 | $6.23 | Bono | 51866 |
| 09/30/2016 | Hidle Music | care of TH and J Publishing | P.O. Box 31428 | | Houston | TX | 77231-1428 | Certified with Return Receipt (Signature) | 94148102008303 08075715 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Little Darlin | 24902 Malibu | | Malibu | CA | 90265-4618 | Certified with Return Receipt | 94148102008291 | $6.23 | Bono | 51866 |

V9927 D332 P 8

| 09/30/2016 | Reservoir Media Music | care of Reservoir Media Management Inc. | 225 Varick Street | 6th Floor, Suite 600 | New York | NY | 10014- | Certified with Return Receipt (Signature) | 9414810200528161261000 | $6.23 | Bono | 51866 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Road | | | | | (Signature) | 61216403 | | | |

<u>**VIA FIRST-CLASS CERTIFIED MAIL RETURN RECEIPT REQUESTED**</u>

September 30, 2016

Cotillion Music Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Chappell-Co Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025

Greene Knight Music
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Sound Harmonics
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Glenmar Publishing Company
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Super Sayin Publishing
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

Universal Music Z Songs
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

50 Cent Music
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Songs of Universal Inc.
2100 Colorado Avenue
Santa Monica, CA 90404

Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Ten-East Music
24 Schooner Hill
Oakland, CA 94618

EMI Unart Catalog Inc.
8 Music Square West
Nashville, TN 37203-3204

Mother Bertha Music Inc.
8 Music Square West
Nashville, TN 37203-3204

Sony/ATV Songs LLC
c/o Sony/ATV Music Publishing
8 Music Square West
Nashville, TN 37203-3204

Conrad Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Arc Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Crow Jane Alley Music
c/o BMG Rights Management
US LLC
d/b/a BMG Bumblebee
6100 Wilshire Blvd. Suite 1600
Los Angeles, CA 90048-5465

BMG Ruby Songs
c/o BMG Rights Management
US LLC
1745 Broadway, 19th Floor
New York, NY 10019

Larina Music
c/o Cohen and Cohen
1180 S. Beverly Drive Suite 510
Los Angeles, CA 90035-1157

Laughter Music
PO Box 2630
Hollywood, CA 90028

Murbo Music Publishing Inc.
5 W. 37th Street, Floor 6
New York, NY 10018-5349

Peermusic III Ltd.
250 W. 57th Street, Suite 820
New York, NY 10107-0814

Hidle Music
c/o TH and J Publishing
P.O. Box 31428
Houston, TX 77231-1428

Little Darlin Music
24902 Malibu Road
Malibu, CA 90265-4618

Reservoir Media Music
c/o Reservoir Media
Management Inc.
225 Varick Street
6th Floor, Suite 600
New York, NY 10014

RE:  NOTICE OF TERMINATION UNDER 17 U.S.C. Section 304(c)

Dear Sir or Madam:

Pursuant to 17 U.S.C. Section 304(c), notice of termination of the grant of the transfer or license of copyright and of any rights under copyright with respect to the musical compositions listed below is hereby served by the successors of the deceased author Salvatore Phillip Bono a.k.a. Don Christy a.k.a. Sonny Bono ("Sonny Bono"). Sonny Bono's surviving spouse is Mary Bono. Sonny Bono's sole surviving children are Chianna Maria Bono, Chesare Elan Bono, Christy Bono and Chaz Salvatore Bono. The persons executing this notice who constitute more than one-half of Sonny Bono's termination interest are Mary Bono (50%), Chianna Maria Bono (12.5%) and Chesare Elan Bono (12.5%).

To the best knowledge and belief of the undersigned, this notice has been signed by all persons whose signature is necessary to terminate the grant under section 304(c) of title 17, U.S.C., or by their duly authorized agents. This notice is being served on the grantee or the grantee's successor in title whose rights are being terminated at each of the addresses identified below.

Name of Each Grantee Whose Rights Are
Being Terminated, or the Grantee's Successor
in Title, and Each Address at Which
Service of the Notice Is Being Made:

Cotillion Music Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Chappell-Co Inc.
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025

Greene Knight Music
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Sound Harmonics
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Glenmar Publishing Company
c/o Warner Chappell Music Inc.
10585 Santa Monica Blvd.
Los Angeles, CA 90025-4921

Super Sayin Publishing
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

Universal Music Z Songs
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404-3504

50 Cent Music
c/o Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Songs of Universal Inc.
2100 Colorado Avenue
Santa Monica, CA 90404

Universal Music Corporation
2100 Colorado Avenue
Santa Monica, CA 90404

Ten-East Music
24 Schooner Hill
Oakland, CA 94618

EMI Unart Catalog Inc.
8 Music Square West
Nashville, TN 37203-3204

Mother Bertha Music Inc.
8 Music Square West
Nashville, TN 37203-3204

Sony/ATV Songs LLC
c/o Sony/ATV Music Publishing
8 Music Square West
Nashville, TN 37203-3204

Conrad Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Arc Music
c/o BMG Platinum Songs US
1745 Broadway, 19th Floor
New York, NY 10019

Crow Jane Alley Music
c/o BMG Rights Management
US LLC
d/b/a BMG Bumblebee
6100 Wilshire Blvd. Suite 1600
Los Angeles, CA 90048-5465

BMG Ruby Songs
c/o BMG Rights Management
US LLC
1745 Broadway, 19th Floor
New York, NY 10019

Larina Music
c/o Cohen and Cohen
1180 S. Beverly Drive Suite 510
Los Angeles, CA 90035-1157

Laughter Music
PO Box 2630
Hollywood, CA 90028

Murbo Music Publishing Inc.
5 W. 37th Street, Floor 6
New York, NY 10018-5349

Peermusic III Ltd.
250 W. 57th Street, Suite 820
New York, NY 10107-0814

Little Darlin Music
24902 Malibu Road
Malibu, CA 90265-4618

Hidle Music
c/o TH and J Publishing
P.O. Box 31428
Houston, TX 77231-1428

Reservoir Media Music
c/o Reservoir Media Management Inc.
225 Varick Street
6th Floor, Suite 600
New York, NY 10014

| | |
|---|---|
| Title of Work: | See Schedule A |
| Name of At Least One Author: | Sonny Bono |
| Date Copyright Was Originally Secured: | See Schedule A |
| Original Copyright Registration Number: | See Schedule A |
| Brief Statement Reasonably Identifying the Grant(s) To Which the Notice of Termination Applies: | All exclusive or nonexclusive grants of transfer or license of copyright, of any rights under copyright and all rights of copyright proprietor, including administration, recording and performance rights, in and to the above work |
| Effective Date of Termination: | See Schedule A |

Name / Relationship to Deceased Author /
Percentage of Author's Termination Interest
and Address of Each Person
Terminating Grant:

Mary Bono / Widow of Author / 50%
c/o Alter, Kendrick & Baron, LLP
156 Fifth Avenue, Suite 1208
New York, NY 10010

Chianna Maria Bono / Daughter of Author / 12.5%
c/o Alter, Kendrick & Baron, LLP
156 Fifth Avenue, Suite 1208
New York, NY 10010

Chesare Elan Bono / Son of Author / 12.5%
c/o Alter, Kendrick & Baron, LLP
156 Fifth Avenue, Suite 1208
New York, NY 10010

Signature:

Lisa Alter, Attorney-in-Fact and duly
authorized agent for Mary Bono, Chianna
Maria Bono and Chesare Elan Bono
c/o Alter, Kendrick & Baron, LLP
156 Fifth Avenue, Suite 1208
New York, NY 10010

## SCHEDULE A

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| 900 QUETZALS | 10/11/1965 | EU907084 | 10/11/2021 |
| B.J. QUETZAL | 10/11/1965 | EU907085 | 10/11/2021 |
| BABY, DON'T GO | 4/2/1965 | EU875079 | 4/2/2021 |
| BANG BANG | 2/17/1966 | EU925604 | 2/17/2022 |
| BANG BANG | 4/15/1966 | EP215557 | 4/15/2022 |
| BEAT GOES ON, THE | 12/30/1966 | EU972894 | 12/30/2022 |
| BEAT GOES ON, THE | 3/16/1967 | EP244389 | 3/16/2023 |
| BEAUTIFUL STORY, A | 5/11/1967 | EU994871 | 5/11/2023 |
| BEAUTIFUL STORY, A | 3/28/1968 | EP245554 | 3/28/2024 |
| BIGGEST FOOL, THE | 6/25/1962 | EU725221 | 9/30/2018 |
| BOY NEXT DOOR, THE | 10/11/1965 | EU910887 | 10/11/2021 |
| BUT I CAN'T LOVE YOU MORE | 9/22/1967 | EU15967 | 9/22/2023 |
| BUT YOU'RE MINE | 9/23/1965 | EU904404 | 9/23/2021 |
| BUT YOU'RE MINE | 10/27/1967 | EP244925 | 10/27/2023 |
| C.C. BLUES | 11/26/1965 | EU917385 | 11/26/2021 |
| CAN IT BE? | 3/10/1958 | EU515964 | 9/30/2018 |
| CHASTITY LOVE THEME | 7/30/1969 | EU128849 | 7/30/2025 |
| CIRCUS | 2/14/1968 | EU36875 | 2/14/2024 |
| DON'T TALK TO STRANGERS | 6/20/1966 | EU944611 | 6/20/2022 |
| DREAM BABY | 4/2/1965 | EU875080 | 4/2/2021 |
| DREAM BABY | 3/20/1968 | EU43877 | 3/20/2024 |
| EVERYDAY | 3/8/1962 | EU709915 | 9/30/2018 |
| FIRST TIME, THE | 10/9/1969 | EU141751 | 10/9/2025 |
| FLIPPIN' | 11/18/1957 | EU503005 | 9/30/2018 |
| FLOWERS | 7/30/1969 | EU128846 | 7/30/2025 |
| GEORGIA AND JOHN QUETZAL | 10/27/1965 | EP209228 | 10/27/2021 |
| GET IT TOGETHER | 5/21/1970 | EU183800 | 5/21/2026 |
| GO SHOUT IT ON THE MOUNTAIN | 11/26/1965 | EU917383 | 11/26/2021 |
| GOOD TIMES | 5/16/1966 | EU939061 | 5/16/2022 |
| GOOD TIMES | 3/28/1968 | EP245555 | 3/28/2024 |
| HAVE I STAYED TOO LONG? | 4/18/1966 | EU934808 | 4/18/2022 |
| HAVE I STAYED TOO LONG? | 6/10/1966 | EU941580 | 6/10/2022 |
| HEY, NOW | 10/7/1957 | EU496446 | 9/30/2018 |
| HOLD YOU TIGHTER | 6/11/1970 | EU192906 | 6/11/2026 |
| I CAN'T DANCE | 11/26/1965 | EU917384 | 11/26/2021 |
| I FEEL SOMETHING IN THE AIR | 7/29/1966 | EU950780 | 7/29/2022 |
| I GOT YOU, BABE | 7/15/1965 | EU893024 | 7/15/2021 |
| I GOT YOU, BABE | 8/24/1965 | EP207669 | 8/24/2021 |
| I JUST SIT THERE | 11/2/1967 | EU22313 | 11/2/2023 |
| I KNOW | 8/10/1959 | EU590412 | 9/30/2018 |
| I LIKE IT, JUST LIKE THAT | 4/18/1960 | EU621139 | 9/30/2018 |
| I LOOKED FOR YOU | 11/4/1965 | EU911372 | 11/4/2021 |
| I LOST ALL FAITH | 6/3/1965 | EP209159 | 6/3/2021 |
| I TOLD MY GIRL TO GO AWAY | 9/6/1967 | EU13687 | 9/6/2023 |
| I WOULD MARRY YOU TODAY | 9/22/1967 | EU15969 | 9/22/2023 |
| IF YOU ONLY KNEW THE THINGS YOU DO TO ME | 2/10/1958 | EU510635 | 9/30/2018 |
| I'M GONNA HOLD YOU TIGHTER | 12/8/1969 | EU151152 | 12/8/2025 |
| I'M GONNA LOVE YOU | 10/25/1965 | EU909021 | 10/25/2021 |
| I'M MAD AT YOU | 10/27/1956 | EU548294 | 9/30/2018 |

## SCHEDULE A

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| IT'S GONNA RAIN | 6/1/1965 | EU885874 | 6/1/2021 |
| IT'S GONNA RAIN | 9/22/1965 | EP209369 | 9/22/2021 |
| IT'S THE LITTLE THINGS | 6/13/1966 | EU943567 | 6/13/2022 |
| IT'S THE LITTLE THINGS | 3/28/1968 | EP245553 | 3/28/2024 |
| I'VE BEEN CHEATED | 7/20/1961 | EU679430 | 9/30/2018 |
| JUST A NAME | 6/3/1966 | EU942157 | 6/3/2022 |
| JUST YOU | 9/22/1965 | EP209390 | 9/22/2021 |
| JUST YOU | 10/11/1965 | EU910888 | 10/11/2021 |
| KOKO JOE | 7/25/1958 | EU534828 | 9/30/2018 |
| KOKO JOE | 7/10/1967 | EP234992 | 7/10/2023 |
| LAUGH AT ME | 8/2/1965 | EU895183 | 8/2/2021 |
| LAUGH AT ME | 9/22/1965 | EP209391 | 9/22/2021 |
| LITTLE MAN | 9/9/1966 | EU962466 | 9/9/2022 |
| LITTLE MAN | 11/1/1966 | EP223940 | 11/1/2022 |
| LITTLE MISS COOL | 7/20/1961 | EU679433 | 9/30/2018 |
| LIVING FOR YOU | 11/30/1966 | EU968124 | 11/30/2022 |
| LOVE, DON'T COME | 2/1/1966 | EU922387 | 2/1/2022 |
| MAMA | 1/27/1967 | EU978370 | 1/27/2023 |
| MARCI-PARCI QUETZAL | 10/11/1965 | EU907083 | 10/11/2021 |
| MIDNIGHT SURF | 11/4/1965 | EU911374 | 11/4/2021 |
| MONDAY | 9/9/1966 | EU962468 | 9/9/2022 |
| MOTEL I | 7/30/1969 | EU128847 | 7/30/2025 |
| MOTEL II | 7/30/1969 | EU128848 | 7/30/2025 |
| MY BEST FRIEND'S GIRL IS OUT OF SIGHT | 9/22/1967 | EU15970 | 9/22/2023 |
| NEEDLES AND PINS | 3/8/1963 | EP173237 | 3/8/2019 |
| NEEDLES AND PINS | 6/10/1963 | EP176372 | 6/10/2019 |
| ONE LITTLE ANSWER | 6/24/1959 | EU582465 | 9/30/2018 |
| PAMMIE'S ON A BUMMER | 9/22/1967 | EU15966 | 9/22/2023 |
| PLASTIC MAN | 6/22/1967 | EU1420 | 6/22/2023 |
| PODUNK | 3/6/1967 | EU987285 | 3/6/2023 |
| QUETZAL AND JUDE | 10/11/1965 | EU907082 | 10/11/2021 |
| RED RIVER QUETZAL | 1/6/1966 | EU919258 | 1/6/2022 |
| REVOLUTION KIND, THE | 10/27/1965 | EP209158 | 10/27/2021 |
| SCORE FROM MOTION PICTURE "NEW TIMES" | 12/28/1966 | EU972895 | 12/28/2022 |
| SHE SAID, "YEAH" | 1/26/1959 | EU559274 | 9/30/2018 |
| SHE SAID, "YEAH" | 8/1/1967 | EP235540 | 8/1/2023 |
| SHE'S NO BETTER THAN ME | 11/26/1965 | EU917386 | 11/26/2021 |
| SOMEONE NEW | 12/19/1957 | EU506056 | 9/30/2018 |
| STAN QUETZAL | 10/11/1965 | EU910890 | 10/11/2021 |
| STRING FEVER | 10/10/1966 | EU960899 | 10/10/2022 |
| TEARDROPS | 4/8/1959 | EU571076 | 9/30/2018 |
| THEME FOR CHASTITY | 10/31/1968 | EU82149 | 10/31/2024 |
| THUNDERBIRD | 3/31/1958 | EU519946 | 9/30/2018 |
| TIGHT SWEATER | 8/22/1961 | EU684097 | 9/30/2018 |
| TONY | 8/2/1965 | EU895184 | 8/2/2021 |
| TOUCH AND GO | 3/31/1958 | EU519947 | 9/30/2018 |
| TRUST ME | 5/16/1966 | EU939062 | 5/16/2022 |
| UPTOWN JERK | 10/25/1965 | EU909022 | 10/25/2021 |
| WEARING BLACK | 6/24/1959 | EU582464 | 9/30/2018 |

## SCHEDULE A

| Work Title | Date Copyright Was Originally Secured | Original Copyright Registration Number | Effective Date of Termination |
|---|---|---|---|
| WEARING BLACK | 2/7/1962 | EU705929 | 9/30/2018 |
| WHAT A NIGHT | 8/10/1959 | EU590411 | 9/30/2018 |
| WHERE DO YOU GO? | 10/25/1965 | EU909026 | 10/25/2021 |
| WILL YOU DANCE WITH ME AGAIN? | 11/4/1965 | EU911373 | 11/4/2021 |
| YEAH, YEAH, YEAH | 11/26/1965 | EU917387 | 11/26/2021 |
| YOU AND ME | 9/22/1967 | EU15968 | 9/22/2023 |
| YOU BUG ME, BABY | 10/2/1957 | EU495816 | 9/30/2018 |
| YOU GOTTA HAVE A THING OF YOUR OWN | 8/15/1968 | EU69011 | 8/15/2024 |
| YOU'D BETTER SIT DOWN, KIDS | 9/18/1967 | EU15130 | 9/18/2023 |
| YOU'D BETTER SIT DOWN, KIDS | 2/2/1968 | EP244289 | 2/2/2024 |
| YOU'RE A FRIEND OF MINE | 5/27/1969 | EU118198 | 5/27/2025 |

# MAIL MANIFEST REPORT

| Postmark Date | Company | Name | Address | Address2 | City | State | ZIP | Mail Class/ Service | USPS Certified Tracking# | Total | Reference | User |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/30/2016 | Cotillion Music Inc. | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008811 60889719 | $6.23 | Bono | 51866 |
| 09/30/2016 | Chappell-Co Inc. | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025- | Certified with Return Receipt (Signature) | 94148102008832 05374887 | $6.23 | Bono | 51866 |
| 09/30/2016 | Greene Knight Music | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008811 60996717 | $6.23 | Bono | 51866 |
| 09/30/2016 | Sound Harmonics | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008821 61083079 | $6.23 | Bono | 51866 |
| 09/30/2016 | Glenmar Publishing Company | care of Warner Chappell Music Inc. | 10585 Santa Monica Blvd. | | Los Angeles | CA | 90025-4921 | Certified with Return Receipt (Signature) | 94148102008291 61139986 | $6.23 | Bono | 51866 |
| 09/30/2016 | Super Sayin Publishing | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404-3504 | Certified with Return Receipt (Signature) | 94148102008821 61091036 | $6.23 | Bono | 51866 |
| 09/30/2016 | Universal Music Z Songs | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404-3504 | Certified with Return Receipt (Signature) | 94148102007931 44913880 | $6.23 | Bono | 51866 |
| 09/30/2016 | 50 Cent Music | care of Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008811 61015561 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Songs of Universal Inc. | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008281 61195947 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Universal Music Corporation | 2100 Colorado Avenue | | Santa Monica | CA | 90404- | Certified with Return Receipt (Signature) | 94148102008832 05404133 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Ten-East Music | 24 Schooner Hill | | Oakland | CA | 94618- | Certified with Return Receipt (Signature) | 94148102008303 08022139 | $6.23 | Bono | 51866 |
| 09/30/2016 | | EMI Unart Catalog Inc. | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008821 61113169 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Mother Bertha Music Inc. | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008291 61167644 | $6.23 | Bono | 51866 |
| 09/30/2016 | SonyATV Songs LLC | care of SonyATV Music Publishing | 8 Music Square West | | Nashville | TN | 37203-3204 | Certified with Return Receipt (Signature) | 94148102008811 61033312 | $6.23 | Bono | 51866 |
| 09/30/2016 | Conrad Music | care of BMG Platinum Songs US | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008832 05418079 | $6.23 | Bono | 51866 |
| 09/30/2016 | Arc Music | care of BMG Platinum Songs US | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008811 61039130 | $6.23 | Bono | 51866 |
| 09/30/2016 | Crow Jane Alley Music co BMG Rights Management | US LLC dba BMG Bumblebee | 6100 Wilshire Blvd. Suite 1600 | | Los Angeles | CA | 90048-5465 | Certified with Return Receipt (Signature) | 94148102007931 44947397 | $6.23 | Bono | 51866 |
| 09/30/2016 | BMG Ruby Songs | care of BMG Rights Management US LLC | 1745 Broadway, 19th Floor | | New York | NY | 10019- | Certified with Return Receipt (Signature) | 94148102008303 08048214 | $6.23 | Bono | 51866 |
| 09/30/2016 | Larina Music | care of Cohen and Cohen | 1180 S. Beverly Drive Suite 510 | | Los Angeles | CA | 90035-1157 | Certified with Return Receipt (Signature) | 94148102007931 44954579 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Laughter Music | PO Box 2630 | | Hollywood | CA | 90028- | Certified with Return Receipt (Signature) | 94148102007931 44957204 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Murbo Music Publishing Inc. | 5 W. 37th Street, Floor 6 | | New York | NY | 10018-5349 | Certified with Return Receipt (Signature) | 94148102008832 05447994 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Peermusic III Ltd. | 250 W. 57th Street, Suite 820 | | New York | NY | 10107-0814 | Certified with Return Receipt (Signature) | 94148102007931 44970111 | $6.23 | Bono | 51866 |
| 09/30/2016 | Hidle Music | care of TH and J Publishing | P.O. Box 31428 | | Houston | TX | 77231-1428 | Certified with Return Receipt (Signature) | 94148102008303 08075715 | $6.23 | Bono | 51866 |
| 09/30/2016 | | Little Darlin | 24902 Malibu | | Malibu | CA | 90265-4618 | Certified with Return Receipt | 94148102008291 | $6.23 | Bono | 51866 |

| 09/30/2016 | Reservoir Media Music | Music care of Reservoir Media Management Inc. | Road 225 Varick Street | 6th Floor, Suite 600 | New York | NY | 10014- | (Signature) Certified with Return Receipt (Signature) | 61216403 94148102008281 61261000 | $6.23 | Bono | 51866 |

Alter, Kendrick & Baron, LLP
Attn: Katie Baron
156 Fifth Ave.
Suite 1208
New York, NY 10010