Peter Anderson, Esq., Cal. Bar No. 88891
  peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
  seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
  ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff and Counter-Defendant
CHER, Individually and as
Trustee of The Veritas Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CHER, individually and as Trustee of The Veritas Trust,<br><br>    Plaintiff,<br><br>  v.<br><br>MARY BONO, individually and as Trustee of the Bono Collection Trust, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-CV-08157 JAK (RAOx)<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff and counter-defendant Cher ("Plaintiff"), individually and as Trustee of The Veritas Trust, answers the Counterclaim of defendant Mary Bono ("Defendant"), individually and as Trustee of the Bono Collection Trust, as follows:

## "PARTIES"[1]

1. Answering paragraph 1 of the Counterclaim, Plaintiff admits that Defendant served as the administrator of the Estate of the late Salvatore Bono ("Sonny") and, with Sonny's children, is an heir of Sonny, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

2. Answering paragraph 2 of the Counterclaim, Plaintiff admits the allegations contained therein.

## "JURISDICTION AND VENUE"

3. Answering paragraph 3 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant contends that this Court has supplemental subject matter jurisdiction of Defendant's Counterclaim, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

4. Answering paragraph 4 of the Counterclaim, Plaintiff admits the allegations contained therein.

5. Answering paragraph 5 of the Counterclaim, Plaintiff admits the allegations contained therein.

---

[1] Plaintiff includes the Counterclaim's section headings in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Plaintiff denies those allegations.

1

## "FACTUAL ALLEGATIONS

### Sonny and Cher's Marriage"

6.  Answering paragraph 6 of the Counterclaim, Plaintiff admits the allegations contained therein.

7.  Answering paragraph 7 of the Counterclaim, Plaintiff admits the allegations contained therein.

8.  Answering paragraph 8 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that the Superior Court of the State of California for the County of Los Angeles—after bifurcating the issue of dissolution of Plaintiff's and Sonny's marriage and all matters pertaining to the disposition of community property, spousal support, child custody, child support, and attorneys' fees, and retaining jurisdiction over all of those other matters—entered a judgment of dissolution of their marriage on or about June 27, 1975, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

9.  Answering paragraph 9 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that on or about August 10, 1978, she and Sonny entered into the Marriage Settlement Agreement (the "MSA"), denies that she relinquished any and all claims she had, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

### "**The MSA and Master Recordings**"

10.  Answering paragraph 10 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to

plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

11. Answering paragraph 11 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

12. Answering paragraph 12 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

13. Answering paragraph 13 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff denies that the MSA does not provide for the division and allocation of interests with respect to master recordings other than those delivered under the agreements identified in this paragraph, and Plaintiff is without knowledge

1  or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

### "**Administration**"

14. Answering paragraph 14 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

15. Answering paragraph 15 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

16. Answering paragraph 16 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant quotes some language from the MSA, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

17. Answering paragraph 17 of the Counterclaim, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

## "The Probate of Sonny's Estate"

18. Answering paragraph 18 of the Counterclaim, Plaintiff admits the allegations contained therein.

19. Answering paragraph 19 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant had the authority to approve Plaintiff's Creditor's Claim filed in the *Estate of Salvatore Phillip Bono* probate action, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

20. Answering paragraph 20 of the Counterclaim, Plaintiff admits the allegations contained therein.

21. Answering paragraph 21 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Defendant approved Plaintiff's Creditor's Claim filed in the *Estate of Salvatore Phillip Bono* probate action, Plaintiff admits that Defendant quotes some language from the Agreement Regarding Disposition of Creditor's Claim Filed by Cher, denies that Defendant's quotation is complete, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

///

1  22. Answering paragraph 22 of the Counterclaim, Plaintiff admits that in the *Estate of Salvatore Phillip Bono* probate action, Sonny's heirs were determined to be Defendant and Sonny's children, Christy, Chaz, Chesare, and Chianna, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

23. Answering paragraph 23 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that in August 1999, the Superior Court entered in the *Estate of Salvatore Phillip Bono* probate action, its Order Approving First and Final Account and Report of Special Administrator and Administrator; Petition for Statutory Fees and for Extraordinary Attorneys' Fees and for Final Distribution, and that Plaintiff's Creditor's Claim was approved, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

## "Administration of Royalties"

24. Answering paragraph 24 of the Counterclaim, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

25. Answering paragraph 25 of the Counterclaim, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

///

///

6

26. Answering paragraph 26 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that in or about 2011, The Bono Collection Trust, The Veritas Trust, then known as The Inshallah Trust, and Wixen Music Publishing, Inc. ("Wixen"), entered into agreements titled, respectively, Administration Agreement, Collection Agreement, and Promotion Agreement (the "Wixen Agreements"), that one or more of those agreements related to, among other things, the collection and distribution of royalties within the scope of the MSA, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

27. Answering paragraph 27 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that one or more of the Wixen Agreements related to, among other things, the collection and distribution of royalties within the scope of the MSA, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

28. Answering paragraph 28 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that Wixen distributed to Plaintiff, as Trustee of The Veritas Trust, some of the royalties due her pursuant to the MSA, denies that Wixen paid to Plaintiff, as Trustee of The Veritas Trust, all of the royalties due her pursuant to the MSA, and Plaintiff is without knowledge or information sufficient to

///

1  form a belief as to the truth of the remaining allegations contained therein and, on that
2  basis, denies each and every remaining allegation contained therein.

3       29.    Answering paragraph 29 of the Counterclaim, Plaintiff is without
4  knowledge or information sufficient to form a belief as to the truth of the allegations
5  contained therein and, on that basis, denies each and every allegation contained
6  therein.

7       30.    Answering paragraph 30 of the Counterclaim, Plaintiff denies the
8  allegations contained therein.

"<b>Unilateral Attempted Cancellation of Administration</b>"

10       31.    Answering paragraph 31 of the Counterclaim, Plaintiff admits that
11  Wixen has distributed to Plaintiff, as Trustee of The Veritas Trust, some of the
12  royalties due her pursuant to the MSA, denies that Wixen paid to Plaintiff, as Trustee
13  of The Veritas Trust, all of the royalties due her pursuant to the MSA, and Plaintiff is
14  without knowledge or information sufficient to form a belief as to the truth of the
15  remaining allegations contained therein and, on that basis, denies each and every
16  remaining allegation contained therein.

17       32.    Answering paragraph 32 of the Counterclaim, Plaintiff admits that in or
18  about December 2022, she assigned to a third party various rights and properties,
19  including the right to receive certain amounts due and payable to her under the MSA
20  on or after July 1, 2022, and Plaintiff is without knowledge or information sufficient
21  to form a belief as to the truth of the remaining allegations contained therein and, on
22  that basis, denies each and every remaining allegation contained therein.

23       33.    Answering paragraph 33 of the Counterclaim, Plaintiff admits that on or
24  about October 13, 2021, she, as Trustee of The Veritas Trust, exercised her express
25  right under the Wixen Agreements to terminate them, and Plaintiff denies the
26  remaining allegations contained therein.

27       34.    Answering paragraph 34 of the Counterclaim, Plaintiff admits that in or
28  about 2011, Plaintiff and Defendant, as Trustees of, respectively, The Bono Collection

Trust and The Veritas Trust, then known as The Inshallah Trust, engaged Wixen to, among other things, collect and disburse royalties, alleges that their engagement of Wixen included Plaintiff's and Defendant's agreement that they each have the right to terminate the Wixen Agreements, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

"**Termination of Grants**"

35. Answering paragraph 35 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff admits that in or about 2016 Defendant and her and Sonny's two children issued a notice of termination to various music publishers or other companies to whom Sonny had granted a transfer or license of the renewal copyrights, or rights under them, in various musical compositions, specifying various effective dates of termination ranging from dates in 2018 to 2026, Plaintiff denies that Sonny's other heirs joined in that notice of termination, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

36. Answering paragraph 36 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff denies the allegations contained therein.

37. Answering paragraph 37 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff denies the allegations contained therein.

///

38. Answering paragraph 38 of the Counterclaim, Plaintiff admits that she disputes the claims of Defendant, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

## "FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)"

39. Answering paragraph 39 of the Counterclaim, Plaintiff repeats and realleges her responses set forth above in paragraphs 1 through 38 as if fully set forth herein.

40. Answering paragraph 40 of the Counterclaim, Plaintiff admits that she disputes the contentions of Defendant in Defendant's Counterclaim, Plaintiff denies Defendant's contentions in Defendant's Counterclaim, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

41. Answering paragraph 41 of the Counterclaim, Plaintiff denies each and every allegation contained therein.

42. Answering paragraph 42 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff denies the allegations contained therein.

43. Answering paragraph 43 of the Counterclaim, Plaintiff denies each and every allegation contained therein.

44. Answering paragraph 44 of the Counterclaim, Plaintiff denies each and every allegation contained therein.

45. Answering paragraph 45 of the Counterclaim, Plaintiff denies each and every allegation contained therein.

///

46. Answering paragraph 46 of the Counterclaim, Plaintiff denies each and every allegation contained therein.

47. Answering paragraph 47 of the Counterclaim, Plaintiff admits that Defendant requests declaratory relief regarding Plaintiff's rights and, if any, obligations concerning the selection of an administrator, Plaintiff denies that Defendant is entitled to the relief Defendant seeks, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

"**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment)**"

48. Answering paragraph 48 of the Counterclaim, Plaintiff repeats and realleges her responses set forth above in paragraphs 1 through 47 as if fully set forth herein.

49. Answering paragraph 49 of the Counterclaim, to the extent the allegations contained therein allege conclusions of law, Plaintiff is not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Plaintiff denies the allegations contained therein.

50. Answering paragraph 50 of the Counterclaim, Plaintiff admits that she disputes Defendant's contentions in Defendant's Counterclaim, and Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

51. Answering paragraph 51 of the Counterclaim, Plaintiff admits that Defendant requests declaratory relief concerning her rights and obligations under the MSA, including the negotiation and entry into new agreements to exploit the sound recording copyrights Defendant claims to own, Plaintiff denies that Defendant is entitled to the relief Defendant seeks, and Plaintiff is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE[2]
### (Failure to State a Claim)

52. Defendant's Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (The Copyright Act's Limitations on § 304(c) Terminations)

53. Defendant's claims, and each of them, in her Counterclaim, and the relief Defendant seeks, are precluded by, or otherwise fail by reason of, the provisions of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including, without limitation, the provisions of 17 U.S.C. § 304(c), and the Federal Regulations promulgated thereunder, that:

(a) Termination of a grant requires, among other things, serving an advance notice in writing upon the grantee or the grantee's successor in title;

(b) Termination of a grant requires, among other things, that the notice of termination identify the terminated grant;

(c) A derivative work prepared under authority of a grant before its termination may continue to be utilized under the terms of the grant after its termination;

///

///

---

[2] To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with Defendant, Plaintiff raises the defense out of an abundance of caution and does not thereby assume that burden of proof.

(d) Termination of a grant under 17 U.S.C. § 304(c) affects only those rights covered by the grant that arise under this title, and in no way affects rights arising under any other Federal, State, or foreign laws; and

(e) Unless and until termination is effected under 17 U.S.C. § 304(c), a grant, if it does not provide otherwise, continues in effect for the remainder of the extended renewal term.

17 U.S.C. § 304(c)(4), (c)(4)(B), (c)(6)(A), (c)(6)(E), and (c)(6)(F); 37 C.F.R. § 201.10(d).

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

54. Defendant wrongfully induced Wixen to breach the Wixen Agreements by, among other things, paying to Defendant royalties due and payable to Plaintiff, and Defendant, by falsely claiming that her and her children's purported notice of termination terminates Plaintiff's rights to musical composition royalties in the United States, has put a cloud on Plaintiff's rights and interfered with Plaintiff's exercise of her rights.

55. Defendant is barred by the doctrine of unclean hands from obtaining the relief she seeks.

## FOURTH AFFIRMATIVE DEFENSE
### (Defendant's Breach)

56. Defendant is barred by her breach of the MSA, the agreement approving Plaintiff's Creditor's Claim, and/or the Wixen Agreements, from obtaining the relief she seeks

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cher prays for judgment as follows:

1. That Defendant take nothing by way of her Counterclaim and that the Counterclaim be dismissed, with prejudice;

///

13

2. That Plaintiff be awarded her costs and attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: May 2, 2023

/s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
and Counter-Defendant
CHER
Individually and as Trustee of
The Veritas Trust

14

**DEMAND FOR JURY TRIAL**

Plaintiff and counter-defendant Cher respectfully demands trial by jury of all issues and claims as to which there is a right of trial by jury.

Dated: May 2, 2023

/s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
and Counter-Defendant
CHER
Individually and as Trustee of
The Veritas Trust

15