| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHER,<br><br>   Plaintiff,<br><br>v.<br><br>MARY BONO, et al.,<br><br>   Defendants. | No. 2:21-cv-08157-JAK (RAOx)<br><br>**JUDGMENT**<br><br>**[JS-6: CASE TERMINATED]** |
| AND RELATED CLAIMS | |

1

The Court having ruled on the Motion for Summary Judgment filed by Plaintiff and Counterdefendant Cher ("Plaintiff") and the Motion for Summary Judgment filed by Defendant and Counterclaimant Mary Bono ("Defendant"), having considered the parties' Stipulation to Certain Facts, and having determined that no issues remain preventing the entry of Judgment, **IT IS ORDERED AND ADJUDGED** that:

1. As to Plaintiff's first claim for relief, it is hereby declared that:
    a. The September 30, 2016, Notice of Termination (the "Notice of Termination") served on behalf of Defendant and others under Section 304(c) of the Copyright Act did not terminate or otherwise have any effect on the August 10, 1978, Marriage Settlement Agreement ("MSA") between Plaintiff and Sonny Bono, the MSA's recognition and confirmation of Plaintiff's community property, or the MSA's assignment of the following to Plaintiff as her sole and separate property in perpetuity and throughout the world:
        i. fifty percent of all contingent receipts received by Sonny Bono, his successors in interest, assigns, and his other businesses, after July 14, 1978, from all sources perpetually and throughout the world from musical compositions and interests in musical compositions written or composed, in whole or part, by Sonny Bono or others, and/or acquired by Sonny Bono or his other business (as that term is defined in the MSA), prior to February 1, 1974 less certain costs and the administration fee as set forth in the MSA (the "Composition Royalties");
        ii. fifty percent of all contingent receipts after July 14, 1978, pursuant to recording contracts entered into prior to the separation of Plaintiff and Sonny Bono (as set forth in the MSA), with the following record companies: Atlantic Recording Corporation; York Records; Imperial

2

           Records; Liberty Records, Inc. and MCA Records, Inc. (the "Record Royalties");

    b. the Notice of Termination did not terminate or otherwise have any effect on the following rights of Plaintiff, individually or as the Trustee of the Veritas Trust, and/or her successors and assigns:

        i. ownership in perpetuity and throughout the world of an undivided fifty percent of all Composition Royalties and Record Royalties, including without limitation any Composition Royalties due and payable on or after July 1, 2022, regardless of when paid; and

        ii. the approval rights as to any and all third party contracts with respect to the Musical Compositions granted to Plaintiff under paragraph 10(d) of the MSA.

2. As to Plaintiff's second claim for relief, Plaintiff is awarded damages against Defendant in the amount of the $187,534.91 in Composition Royalties that Defendant received and retained in breach of the MSA, plus prejudgment interest at the rate of seven percent per annum, from February 1, 2022, to the date of entry of Judgment.

3. As to Defendant's first counterclaim for relief, it is hereby declared that Defendant, subject to the rights of Sonny Bono's four children (the four children and Defendant referred to as the "Bono Heirs"), has the sole discretion to decide whom to appoint as the royalty administrator pursuant to the MSA, including an entity owned and controlled by the Bono Heirs; provided, however, Plaintiff may raise reasonable objections to the terms of any such agreement entered into with such a royalty administrator, including as to the reasonableness of the administration fee and as to the administrator's credentials and qualifications.

4. As to Defendant's second counterclaim for relief, no relief is granted.

5. Except as expressly provided herein, Judgment is entered in favor of Plaintiff on Plaintiff's First Claim for Relief, Plaintiff's Second Claim for Relief, and Defendant's Second Counterclaim for Relief; and Judgment is entered in favor of Defendant in part on Defendant's First Counterclaim for Relief.

6. Plaintiff is awarded costs incurred, in an amount to be determined by the Court, as to Plaintiff's First Claim for Relief, Plaintiff's Second Claim of Relief, and Defendant's Second Counterclaim for Relief; and Defendant is awarded costs incurred, in an amount to be determined by the Court, as to Defendant's First Counterclaim for Relief.

**IT IS SO ORDERED.**

Dated: 11/26/2025

John A. Kronstadt
United States District Judge

4