Peter Anderson, Esq., Cal. Bar No. 88891
    peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
    seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
    ericlamm@dwt.com
Samuel Turner, Esq., Cal. Bar No. 338089
    samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff and Counterdefendant
CHER, Individually and as
Trustee of The Veritas Trust

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CHER, individually and as Trustee of The Veritas Trust,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARY BONO, individually and as Trustee of the Bono Collection Trust, and DOES 1 through 10, inclusive,<br><br>                    Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS<br>_____ | Case No. 2:21-CV-08157 JAK (RAOx)<br><br>CHER'S OBJECTION TO DEFENDANT AND COUNTERCLAIMANT MARY BONO'S APPLICATION TO THE CLERK TO TAX COSTS AND BILL OF COSTS |

**OBJECTION**

Pursuant to Local Rule 54-2.2, plaintiff and counterdefendant Cher respectfully submits this Objection to defendant and counterclaimant Mary Bono's ("Defendant") Application to the Clerk to Tax Costs and attached Bill of Costs (Doc. 176).

Defendant seeks $3,871.00 in purported costs incurred in connection with the depositions of Cher and Defendant in this action.  Defendant's claimed amount appears to be the sum of the line items in the invoices attached to the Bill of Costs that Defendant believes are taxable under Local Rule 54-3.5.

However, Defendants' Application ignores that the Court awarded Defendant her costs incurred *only* "as to Defendant's First Counterclaim for Relief," and awarded to Cher her costs incurred as to all other Claims and Counterclaims.  *See* Judgment (Doc. 168) at 4 ¶ 6.  Defendant apparently does not even attempt to apportion her claimed costs to her First Counterclaim.  Nor does Defendant attempt to explain why she should be entitled to costs on the two Claims and one Counterclaim on which Cher is the prevailing party.

Furthermore, the portion of fees and costs that are properly allocable to Defendant's First Counterclaim is de minimis.  *See* Cher's Memo. iso Mot. for Attorney's Fees (Doc. 178-1) at 15.  Defendant's Application should accordingly be denied in its entirety.

**Local Rule 54-2.2 Statement**

On January 5, 2026, the parties met and conferred regarding the parties' respective applications to tax costs, including costs and allocation issues, as well as Cher's Motion for Attorney's fees.  Cher's counsel thereafter attempted to meet and confer with Defendant's counsel again to resolve Cher's objection informally before filing this objection.  Specifically, Cher's counsel emailed Defendant's counsel on January 23, 2026, and again on January 26, 2026, asking that Defendant stipulate to reduce her costs to a percentage allocable to the portion of her First Counterclaim on ///

1

1    which she prevailed.   Defendant's counsel did not respond before this Objection was

2    filed.

3

4    Dated: January 26, 2026                    /s/ Peter Anderson, Esq.
                                        _____
5                                              Peter Anderson, Esq.
                                             Sean M. Sullivan, Esq.
6                                             Eric H. Lamm, Esq.
                                            Samuel Turner, Esq.
7                                      DAVIS WRIGHT TREMAINE LLP
                                            Attorneys for Plaintiff
8                                          and Counterdefendant
                                                  CHER
9                                     Individually and as Trustee of
                                            The Veritas Trust

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28