Peter Anderson, Esq., Cal. Bar No. 88891
  peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
  seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
  ericlamm@dwt.com
Samuel Turner, Esq., Cal. Bar No. 338089
  samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff and Counterdefendant
CHER, Individually and as
Trustee of The Veritas Trust

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHER, individually and as Trustee of The Veritas Trust,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MARY BONO, individually and as Trustee of the Bono Collection Trust, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-CV-08157 JAK (RAOx)<br><br>REPLY IN SUPPORT OF CHER'S MOTION FOR ATTORNEY'S FEES<br><br>Date:　March 2, 2026<br>Time:　8:30 a.m.<br><br>Courtroom of the Honorable<br>John A. Kronstadt<br>United States District Judge |

**TABLE OF CONTENTS**

1. INTRODUCTION ..................................................................................................... 1

2. CHER IS PROPERLY AWARDED HER ATTORNEY'S FEES ................... 1

    (a)    Defendant's Argument That Cher's Declaratory Relief Claim Was a Mere Contract Claim Is Frivolous ............................................................ 1

    (b)    Attorney's Fees Are Properly Awarded Under the *Fogerty* Factors ....... 2

        (1)    Cher's Degree of Success Was Complete .................................... 2

        (2)    Defendant's Position Was Frivolous and Unreasonable ............... 2

        (3)    Defendant's Motivation Was Improper ........................................ 4

        (4)    Cher Should be Compensated for Confirming the Limited Scope of the Copyright Act's Termination Provisions ................. 5

        (5)    Awarding Cher Her Attorney's Fees Will Further the Purposes of the Copyright Act ..................................................................... 5

    (c)    Defendant Identifies No Basis to Apportion Attorney's Fees ................ 6

    (d)    Cher's Fees Are Eminently Reasonable ................................................. 8

3. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Boyland v. TenThousand Projects, LLC*,
    No. 21-CV-07321, 2025 WL 3126823 (C.D. Cal. Oct. 16, 2025) ........................ 8

*Charlesbois v. Angels Baseball LP*,
    993 F. Supp. 2d 1109 (C.D. Cal. 2012) ......................................................... 7, 8, 9

*Chiron Corp. v. Genentech, Inc.*,
    179 F. Supp. 2d 1182 (E.D. Cal. 2001) ................................................................ 3

*ConsumerDirect, Inc. v. Pentius, LLC*,
    No. 8:21-CV-01968-JVS-ADS, 2024 WL 3914672
    (C.D. Cal. Aug. 6, 2024) ....................................................................................... 9

*Doc's Dream, LLC v. Dolores Press, Inc.*,
    959 F.3d 357 (9th Cir. 2020) ................................................................................. 1

*Fantasy, Inc. v. Fogerty*,
    94 F.3d 553 (9th Cir. 1996) .......................................................................... 2, 4, 5

*Gracie v. Gracie*,
    217 F.3d 1060 (9th Cir. 2000) ............................................................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ............................................................................................... 6

*Horror Inc. v. Miller*,
    No. 3:16-cv-1442, 2022 WL 4473426 (D. Conn. Sept. 26, 2022) ....................... 2

*Kirtsaeng v. John Wiley & Sons, Inc.*,
    579 U.S. 197 (2016) ............................................................................................... 5

*Livingston v. Jay Livingston Music, Inc.*,
    No. 3:22-CV-00532, 2024 WL 713780 (M.D. Tenn. Feb. 21, 2024), *aff'd*,
    142 F.4th 433 (6th Cir. 2025) ................................................................................ 3

*Mattel v. MGA Entmt., Inc.*,
    705 F.3d 1108 (9th Cir. 2013) ............................................................................... 5

*Merrill v. Hyman*,
    No. 3:21-CV-551 (JAM), 2022 WL 11727631 (D. Conn. Oct. 20, 2022) ............ 3

*P.C. v. City of Los Angeles*,
  No. CV 07-3413, 2012 WL 12920203 (C.D. Cal. Sept. 14, 2012) ........................ 8

*Perfect 10, Inc., v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ................................................................. 5

*Pierce v. County of Orange*,
  905 F. Supp. 2d 1017 (C.D. Cal. 2012) ................................................. 6

*Rodrigue v. Rodrigue*,
  218 F.3d 432 (5th Cir. 2000) ................................................................ 7

*Ryan v. Editions Ltd. W., Inc.*,
  786 F.3d 754 (9th Cir. 2015) ................................................................ 2

*The Traditional Cat Ass'n, Inc. v. Gilbreath*,
  340 F.3d 829 (9th Cir. 2003) ................................................................ 6

*Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*,
  953 F.3d 638 (9th Cir. 2020) ................................................................ 2

**Statutes**

17 U.S.C.
  § 106 ......................................................................................................... 7
  § 304 ......................................................................................................... 1
  § 304(c) ......................................................................................... 1, 2, 3, 4, 5, 6, 7
  § 505 ............................................................................................... 1, 2, 5

**Rules**

Fed. R. Civ. P. 26(b)(1) ................................................................................. 7

Fed. R. Evid. 701 .......................................................................................... 9

Fed. R. Evid. 702 .......................................................................................... 9

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Cher established her entitlement to attorney's fees in this action. She showed that in granting summary judgment, the Court relied upon the clear, plain, and express language of the Copyright Act's Section 304(c) to hold that Defendant's Notice of Termination did not terminate Cher's royalty rights under State law, and Cher also showed that her successful action furthered the purposes of the Copyright Act. Defendant's Opposition to Cher's Motion for Attorney's Fees is as unreasonable and frivolous as Defendant's opposition to Cher's claims.

### 2. CHER IS PROPERLY AWARDED HER ATTORNEY'S FEES

#### (a) Defendant's Argument That Cher's Declaratory Relief Claim Was a Mere Contract Claim Is Frivolous

Defendant argues that Cher cannot recover attorney's fees under Section 505 of the Copyright Act because the rights Cher asserted are contract rights. Opp. (Doc. 184) at 1, 4. Yet the Court of Appeals has made clear that the applicability of Section 505 to declaratory relief claims hinges on whether the claims "invoke sufficient 'construction' of the Copyright Act." *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 362 (9th Cir. 2020) (district court erred in ruling that Section 505 did not apply to party prevailing on claim for judicial declaration as to whether copyright was abandoned); Cher's Memo. (Doc. 178-1) at 3. The central question throughout this action was whether Defendant's Notice of Termination terminated Cher's state law rights. The Court answered that question squarely in Cher's favor by analyzing the scope of Section 304(c). *See* Order re MSJs (Doc. 107) at 10; Order re Mot. to Dismiss (Doc. 43) at 8.

Further, Defendant glaringly ignores her numerous admissions throughout this action, including in her Opposition, that Cher's claim required the Court to interpret the Copyright Act. *See, e.g.*, Def's Memo. iso MSJ (Doc. 64-1) at 1 (arguing Cher's position is based on a "mistaken interpretation of … Section 304"). Defendant even

1   states in her Opposition *to this Motion* that "this matter goes to the heart of interpreting
2   the Sonny Bono Copyright Term Extension Act." Opp. at 9. Defendant accordingly
3   concedes Section 505 applies. *See, e.g.*, Horror Inc. v. Miller, No. 3:16-cv-1442, 2022
4   WL 4473426, at *2 (D. Conn. Sept. 26, 2022) ("Section 505 applies to the termination
5   rights declaratory judgment action at bar.") (collecting cases). Defendant cites Ryan
6   v. Editions Ltd. W., Inc., 786 F.3d 754 (9th Cir. 2015), for the proposition that Cher
7   cannot seek attorney's fees because the MSA does not have an attorney's fees clause.
8   Opp. at 2. But that is a serious misread of *Ryan*, which simply held that the prevailing
9   plaintiff's inability to seek attorney's fees under Section 505 because she had not
10  timely registered her copyright did not bar her from seeking attorney's fees under her
11  contract with the defendant. 786 F.3d at 761. In short, Cher is entitled to seek
12  attorney's fees under Section 505.

13          **(b)     Attorney's Fees Are Properly Awarded Under the *Fogerty* Factors**

14  Each of the *Fogerty* factors supports awarding Cher her attorney's fees, and
15  Defendant's Opposition fails to rebut Cher's showing as to any of them.

16                  **(1)    Cher's Degree of Success Was Complete**

17  Defendant does not dispute that Cher achieved complete success on her
18  declaratory relief claim, and that "complete success weighs in favor of an award of
19  attorney['s] fees." Tresóna, 953 F.3d at 653. Instead, Defendant claims this factor is
20  less important because Cher's declaratory relief claim concerned "enforcing her
21  contractual rights, not any right of copyright." See Opp. at 8. But Cher prevailed
22  completely on her claim as to the Copyright Act's termination provision. *See* above
23  at 1.

24                  **(2)    Defendant's Position Was Frivolous and Unreasonable**

25  Defendant argues her claim was not frivolous because this is a "case of first
26  impression." Opp. at 5. But Defendant's use of the Notice of Termination to divert
27  Cher's royalties violated numerous express provisions of Section 304(c). *See* Memo.
28  at 11-12. It does not help Defendant that her position was so plainly incorrect that no

appellate court had to rule on the issue. And district courts have had no trouble dismissing Defendant's argument. *Livingston v. Jay Livingston Music, Inc.*, No. 3:22-CV-00532, 2024 WL 713780, at *8 (M.D. Tenn. Feb. 21, 2024) (defendant simply conceded statutory termination did not affect plaintiff's "contractual right to receive royalties for the exploitation of … musical compositions"), *aff'd*, 142 F.4th 433 (6th Cir. 2025); *Merrill v. Hyman*, No. 3:21-CV-551 (JAM), 2022 WL 11727631, at *2-3 (D. Conn. Oct. 20, 2022) (assignment of royalty rights is not a grant of copyright terminable under § 304(c)).

Defendant argues that in secretly diverting Cher's royalites, she relied on Jacqueline Charlesworth, a former Copyright Office employee. But Defendant never produced evidence of Charlesworth's opinion, let alone evidence that Defendant actually relied on any such opinion. Instead, Defendant merely cites a letter from Ms. Charlesworth's firm informing Wixen to change the share of copyright interests "as among the statutory heirs"—which does not include Cher—and which nowhere mentions Cher's share. *See* Schacht Decl. Ex. 25 (Doc. 64-29).

Furthermore, Defendant never raised an "advice of counsel defense" in this litigation, nor could she have because she blocked Cher's discovery into Ms. Charlesworth's opinions on attorney-client and work product grounds. *See* Anderson Reply Decl. at 1 ¶ 3; *id.* Ex. 4; *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1190 (E.D. Cal. 2001) (party claiming reliance on advice of counsel cannot also claim attorney-client privilege and work product over attorney's communications). Also, Ms. Charlesworth referred in her deposition to a memorandum regarding termination that she prepared for Defendant, but which was never produced. Anderson Reply Decl. at 1 ¶ 4; *id.* Ex. 4 at 11:23-12:13. Moreover, what Ms. Charlesworth did testify to was that she believes "federal rights control here." *id.* Ex. 4 at 90:17-91:23. But that is no help because the federal statute here expressly provides that "[t]ermination of a grant … in no way affects rights arising under any other Federal, State, or foreign laws." 17 U.S.C. § 304(c)(6)(E).

Defendant argues that she "early and unequivocally conceded that the Notice of Termination did not terminate the MSA itself." Opp. at 6. But that is not so. In her failed Motion to Dismiss, Defendant argued that Cher's declaratory relief claim failed because "Defendant's right to terminate certain grants pursuant to the Copyright Act preempts Plaintiff's state law contract claims." See Def's Memo. iso Mot. to Dismiss (Doc. 18-1) at 7. Defendant continued to adhere to that position—which is frivolous because Section 304(c) expressly **does not** cut off state law rights—all the way through the summary judgment briefing. See Def's Memo. iso MSJ (Doc. 64-1) at 15-18.

Finally, Defendant argues that the many hours spent litigating this case means her position must have been reasonable. Opp. at 7. Defendant unnecessarily prolonged this case by asserting baseless affirmative defenses and counterclaims and obstructing the discovery process. See, e.g., Def's Memo. iso MSJ (Doc. 64-1) at 8-13; Order re Informal Discovery Dispute (Doc. 90) at 1-2 (rejecting Defendant's erroneous privilege assertions and ordering Defendant to produce voluminous documentary evidence). Because Defendant's position and arguments were unreasonable and even frivolous, this *Fogerty* factor strongly favors Cher.

### (3) Defendant's Motivation Was Improper

Defendant does not dispute that Cher's motivation was proper, but Defendant claims there is no evidence that Defendant's motive was improper. However, Defendant took an unreasonable position to divert Cher's royalties and, knowing it was wrong, Defendant conspired with Wixen to hide their diversion. See Cher's SUF (Doc. 65-2) at Facts 100-110. Defendant's claim that she sought a "prompt, efficient, and fair resolution" of this action (Opp. at 12), is belied both by her tenacious pursuit of her unreasonable and frivolous argument that her Notice of Termination ended Cher's contract rights, as well as Defendant's repeated attempt to dismiss or delay this case by, for example, arguing that Sonny's other heirs had to be joined as parties even though Defendant admitted they had decided to defer to this Court's ruling. See Order

4

re MSJs (Doc. 107) at 8. Moreover, despite Cher's complete success on her claims at summary judgment, Defendant argued that numerous unresolved issues required a trial. *See, e.g.*, Def's Memo. of Contentions of Fact and Law (Doc. 142) at 2.

This factor also weighs heavily in favor of awarding attorney's fees.

### (4) Cher Should be Compensated for Confirming the Limited Scope of the Copyright Act's Termination Provisions

Defendant's arguments regarding compensation and deterrence rest on her erroneous assertion that her positions were not frivolous. Those arguments fail because as discussed above, Defendant's position was in fact frivolous. *See* above at 2-5. Indeed, Defendant fails to acknowledge that this dispute could and should have ended with the Court's 2023 ruling on defendant's Motion to Dismiss. *See* Memo. at 9. Thus, this factor also supports awarding Cher's attorney's fees.

### (5) Awarding Cher Her Attorney's Fees Will Further the Purposes of the Copyright Act

Cher's claims sought to vindicate her rights under Section 304(c) to continue to receive her share of royalties and her other state law rights. By prosecuting her claims, she furthered the "peculiarly important" purpose of ensuring "the boundaries of copyright law be demarcated as clearly as possible." *Perfect 10, Inc., v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017). That is precisely what Congress intended to encourage by adopting Section 505. Thus, "[t]he most important factor in determining whether to award fees under the Copyright Act" confirms she should be awarded attorney's fees. *Mattel v. MGA Entmt., Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013).

Defendant's argument that she "cannot be faulted for her good faith attempts to seek judicial interpretation" of the Copyright Act (Opp. at 13) does not undermine the fact that Cher's success advanced the purposes of the Copyright Act. Even if Defendant's attempt to terminate Cher's rights were reasonable (it was not), this factor would still support awarding Cher's attorney's fees because Cher's prosecution furthered the policies of the Copyright Act. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553,

5

555-56 (9th Cir. 1996) (affirming fees award against plaintiff who had "reasonable factual and legal grounds" for claim; fees awards "not cabined by a requirement of culpability on the part of the losing party"); see also *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 208-09 (2016).

Finally, Defendant argues that Section 304(c) is intended solely to protect "an author's surviving spouse and descendants." Opp. at 13. But that argument ignores the express limitations that Congress placed on copyright terminations to avoid situations, like this one, in which overzealous heirs attempt to wrongfully terminate rights they have no authority to affect. See 17 U.S.C. § 304(c)(6)(E). Thus, this factor also supports awarding Cher's attorney's fees.

### (c) Defendant Identifies No Basis to Apportion Attorney's Fees

Defendant argues that the Cher's attorney's fees must be apportioned among the claims in the case. But Cher showed that apportionment is not required when, as here, the claims are "related," *i.e.*, they arise from "a common core of facts or related legal theories." Memo. at 14-15 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)); *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003) (prevailing party on claim for which attorney's fees are recoverable can also recover fees on any "related claims" on which the party also prevails) (citation omitted). Defendant, by conceding that all the claims in the case are related (*see* Opp. at 10, 12) confirms apportionment is improper.

Nor is apportionment appropriate because of the Court's ruling that Defendant prevailed on her first counterclaim—only—despite the fact the Court also ruled on that counterclaim in Cher's favor by confirming that Cher's approval rights survive. See Order re MSJs (Doc. 107) at 14. And Defendant ignores that "it is well settled that a prevailing plaintiff may be compensated for lost battles along the way to wining the war." *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1032 (C.D. Cal. 2012).

Defendant suggests that the Court has a "duty" to attempt to apportion fees even if exact apportionment is impossible, and proposes an apparently random division of

"20% as to copyright issues, and 80% as to non-copyright issues." Opp. at 11. That duty applies only if the claims are not related. Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000); see Traditional Cat, 340 F.3d at 833-34 (remanding where district court did determine whether copyright and non-copyright claims were related).

Defendant's proposed "20/80" apportionment also mischaracterizes the nature of Cher's claims. For example, Defendant claims that Cher's declaratory relief claim was "expressly premised on contract interpretation and state-law property principles." Opp. at 11. Not so. Cher's claim depended on the Court's interpretation of Section 304(c)'s termination provisions, and that ruling dictated the outcome of the second claim. See Order re MSJs (Doc. 107) at 12 ("Because Plaintiff's Motion has been granted as to the claim for declaratory relief, as a matter of law, Defendant has breached the MSA"). And the question of whether Cher's royalty rights "arose under state law" is **a point of federal law** regarding the scope of exclusive rights under the Copyright Act, not a matter of state law. See, e.g., Rodrigue v. Rodrigue, 218 F.3d 432, 435 (5th Cir. 2000) ("[N]one of [the Section 106] rights … include the exclusive right to enjoy income … derived from copyrights").

Defendant also argues that certain "theories" within Cher's claims should be apportioned because they do not "implicate" federal law. Opp. at 11. But the theories are related because they arose from the same core of common facts or legal theories. See above at 6; Memo. at 14-15. That Cher's claims also "implicated" the terms of the MSA (which were not disputed) does not change they are related. Order re MSJs (Doc. 107) at 10-15.

Defendant argues that Cher's claims concerned only questions of law and thus discovery was unnecessary. Yet Defendant pursued extensive discovery of Cher. Also, Cher was entitled to conduct discovery as to, for example, the plot between Defendant and Wixen and their secret diversion of Cher's royalties, and as to Defendant's affirmative defenses, including that Cher's agent supposedly knew of the claimed terminations before they were actually uncovered. See Fed. R. Civ. Proc.

26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Courts also "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Charlesbois v. Angels Baseball LP, 993 F. Supp. 2d 1109, 1123 (C.D. Cal. 2012).

Finally, even if apportionment were required as to Defendant's first counterclaim (which it is not), any apportionment should be nominal, and certainly not the apportionment Defendant proposes, awarding Cher only a small fraction of the attorney's fees she incurred. Any fees spent on work related to Defendant's first counterclaim (or her second, for that matter), were de minimis. See Memo. at 15. Indeed, because the parties' arguments regarding Defendant's counterclaims were only a small portion of this action, the time entries in Cher's invoices do not identify any entries specifically addressing them. See generally Anderson Decl. Exs. 1-2 (Docs. 178-3, 178-4).

### (d) Cher's Fees Are Eminently Reasonable

Cher sought to protect her right to royalties that will continue for the lives of the copyrights in important musical compositions, with millions of dollars at stake. Defendant's post hoc criticisms of Cher's attorney's fees falls flat.

*First*, Defendant cites no authority for her claim that two attorneys may not bill for the same hearings, and she is incorrect. See P.C. v. City of Los Angeles, No. CV 07-3413, 2012 WL 12920203 at *4 (C.D. Cal. Sept. 14, 2012) ("[E]ven if one plaintiff had multiple attorneys at a proceeding, this is not per se duplicative."). Even more absurd is Defendant's claim that *both* appearing attorneys' time entries should be excluded (see Kim Decl. Ex. A (Doc. 184-2)), and the fact that Defendant was consistently represented by several attorneys at the hearings in this case.

*Second*, Defendant also cites no authority stating that paralegal work relating to the management of discovery is unrecoverable. Fees for such work are commonly awarded. See, e.g., Boyland v. TenThousand Projects, LLC, No. 21-CV-07321, 2025

8

WL 3126823 at *4 (C.D. Cal. Oct. 16, 2025) (awarding fees for Mr. Planchon's paralegal work related to, among other things, management of discovery databases).

*Third*, Defendant claims that Mr. Anderson's work in reviewing the work of associates was duplicative, but courts commonly reject that argument, and there is no basis to find that Mr. Anderson's review was duplicative of the work of his associates. *See, e.g.*, Charlesbois, 993 F. Supp. 2d at 1125 (declining to reduce fees for hours "billed by one attorney reviewing another's work or on internal communications").

*Fourth*, Defendant argues that Cher's counsel spent "excessive" time on some of Cher's motions. Notably, Defendant does not disclose the time her attorneys spent on those motions. Further, Defendant's argument is conclusory and, particularly as to the Motion for Summary Judgment, ignores the volume Cher's motion and the resulting work that was necessary to complete it. Defendant's counsel's declaration is similarly conclusory, and merely consists of claims from an attorney who never appeared in this case claiming the fees are excessive. Ms. Kim is not a designated expert on attorney billing, nor does she have personal knowledge of what fees were required. Fed. R. Evid. 701, 702.

*Fifth*, Defendant cites no authority that work spent preparing stipulations, proposed orders, and corresponding with the Court is "clerical" and unrecoverable, nor does she contend that the work was unnecessary. *See* Charlesbois, 993 F. Supp. 2d at 1125. Furthermore, the preparation of those documents involved legal work. *See, e.g.* Stipulation (Doc. 46), Notice of Withdrawal of Approval of [Proposed] Pretrial Conference Order (Doc. 155).

*Sixth*, Defendant similarly cites no authority that time spent on telephone calls and meetings is unrecoverable. Interoffice communications are recoverable. Charlesbois, 993 F. Supp. 2d at 1125. Moreover, Defendant's argument that entries are "vague" ignores that they were redacted on privilege and work product grounds.

*Seventh*, Defendant cites ConsumerDirect, Inc. v. Pentius, LLC, No. 8:21-CV-01968-JVS-ADS, 2024 WL 3914672 (C.D. Cal. Aug. 6, 2024), for the proposition

9

that certain block-billed entries by a paralegal should be reduced merely because they are block-billed. But that case recognizes that "a reduction for block-billing may not be appropriate if individual tasks are specified and the entries are detailed enough for the Court to assess the reasonableness of the hours billed." Id. at *6 (internal quotations and citation omitted). Here, the block-billed entries sufficiently demonstrate the work performed in each entry, and the fees are reasonable and thus recoverable.

*Finally*, Defendant's argument that the deposition of her counsel, Jacqueline Charlesworth, was unnecessary is meritless for several reasons. Ms. Charlesworth was not counsel of record in this case, and Defendant claims to have relied on her opinion in creating her termination scheme, including the drafting of the Notice of Termination. See Opp. at 10. That Ms. Charlesworth's deposition testimony was not submitted in support of Cher's Motion for Summary Judgment is irrelevant; Cher was entitled to exhaust the discovery afforded to her in prosecuting this action.

In sum, each of Defendant's arguments concerning the reasonableness of Cher's counsel's billing practices is meritless, and Cher's attorney's fees should be awarded in full.

**3.  CONCLUSION**

For the foregoing reasons, Cher respectfully requests that the Court award her attorney's fees in the successful prosecution of this action.

Dated: February 16, 2026

/s/ Peter Anderson, Esq.
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
Samuel Turner, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
and Counterdefendant
CHER
Individually and as Trustee of
The Veritas Trust

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this Memorandum contains 3,236 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 16, 2026                     /s/ Peter Anderson, Esq.
                                             Peter Anderson, Esq.