Peter Anderson, Esq., Cal. Bar No. 88891
　　peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
　　seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
　　ericlamm@dwt.com
Samuel Turner, Esq., Cal. Bar No. 338089
　　samturner@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiff and Counterdefendant
CHER, Individually and as
Trustee of The Veritas Trust

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHER, individually and as Trustee of The Veritas Trust,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARY BONO, individually and as Trustee of the Bono Collection Trust, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:21-CV-08157 JAK (RAOx)<br><br>SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHER'S MOTION FOR ATTORNEY'S FEES |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

**1.      SUMMARY OF ARGUMENT**

Pursuant to the Court's March 2, 2026, Minute Order (Doc. 191), plaintiff and counterdefendant Cher respectfully submits this supplemental brief in support of her pending Motion for Attorney's Fees (Doc. 178).

Cher established in her Motion for Attorney's Fees and her Reply (Doc. 189) that she is entitled to her attorney's fees pursuant to 17 U.S.C. Section 505. She also established that her claim for declaratory relief and Defendant's counterclaims—which required the interpretation and application of Section 304—arise under the Copyright Act, and that Cher's second claim for breach of contract is a related claim for purposes of awarding attorney's fees. This Supplemental Brief addresses the narrow issue of whether the Court may apportion attorney's fees in cases where some claims are brought under the Copyright Act and other, related claims are not. The answer is no: the Ninth Circuit has squarely held that a prevailing party is entitled to fees not only on her copyright claim, but also on any *related* claims. Supreme Court precedent also confirms that apportionment as to related claims is not appropriate *even if the related claims are ultimately unsuccessful*.

It is undisputed that the claims and counterclaims in this action arise from a common core of facts, including Defendant's attempt to use a Section 304(c) notice to cut off Cher's royalty and approval rights. They also involve related legal theories, including that Section 304(c) applies only to pre-1978 grants of copyrights and does not apply to State law rights. See Cher's Memo (Doc. 178-1) at 14-15; Def's Opp. (Doc. 184) at 10-11; Cher Reply at 6. And even if the Court did have discretion to exclude attorney's fees on Cher's related breach of contract claim—or Defendants' related counterclaims, were the Court to conclude they were not brought under the Copyright Act—the record does not support excluding those fees. Accordingly, Cher should be awarded her requested attorney's fees in full, with no apportionment.

2.   **CHER'S ATTORNEY'S FEES SHOULD NOT BE APPORTIONED**

    (a)   **Courts Do Not Apportion a Prevailing Party's Fees Award Between Copyright Claims and Related Claims**

The Ninth Circuit has recognized that, in cases involving claims arising under the Copyright Act and additional claims that do not, "the first step in the calculation of a reasonable attorney's fee" is "to decide if the copyright and non-copyright claims are related." *Traditional Cat Ass'n, Inc.,* 340 F.3d at 833-34. It is black-letter law that a party who prevails on a claim for which attorney's fees are recoverable (like Cher's declaratory relief claim in this action) may recover attorney's fees on both that claim ***and*** any "related claims." *Id.* at 833 (quoting *Entertainment Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998)). That is because in cases involving related claims, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis[,] [but s]uch a lawsuit cannot be viewed as a series of discrete claims." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Accordingly, a district court errs in excluding fees for related claims. *Traditional Cat Ass'n*, 340 F.3d at 833, 834 (reversing district court that failed to determine whether claims are related and explaining that if "the copyright and non-copyright claims are related … then the district court should proceed to calculate a "reasonable" fee award"); *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) (explaining that "[t]o the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims"); *Webb v. Sloan*, 330 F.3d 1158, 1167-68 (9th Cir. 2003) (reversing district court that excluded fees for related claims).[1]

---

[1] *Gracie v. Gracie* states that in cases involving Lanham Act and non-Lanham Act claims, there is a "general rule of apportionment" unless the court finds the claims are so "inextricably intertwined that even an estimated adjustment would be meaningless." 217 F.3d 1060, 1069-70 (9th Cir. 2003). However, *Gracie* did not involve copyright claims, and this Circuit "treats the calculation of fee awards under

2

Indeed, the Supreme Court has recognized that fees for related claims should not be apportioned even if the related claims are ultimately unsuccessful. *Hensley*, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."); *Atlantic Recording Corp. v. Andersen*, No. CV05-933, 2008 WL 2536834 at *2 (D. Or. June 24, 2008) (awarding fees on successful copyright claim and explaining that even "efforts expended on unsuccessful related non-copyright claims may be compensable") (*citing Hensley v. Eckerhart*, 461 U.S. at 433). In those cases, a court may reduce a fee award *only if* the prevailing party did not obtain complete relief and the fee award would be unreasonable in relation to the relief that the party did obtain. *Thomas*, 410 F.3d at 649-650. But that rule is inapplicable in this case because Cher obtained all of her requested relief. *See* Memo. (Doc. 178-1) at 4-5; Reply (Doc. 189) at 2; *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation …. [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention in the lawsuit.").

Thus, when a plaintiff prevails on a copyright claim and is entitled to fees on that claim, the recovery includes attorney's fees on "related" claims. *See, e.g., Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 669-70 (9th Cir. 2018) (finding attorney's fees recoverable on breach of implied contract claim that "involve[d] a common core of facts and [was] based on related legal theories"). And here, it is undisputed that Cher's claims and Defendants' counterclaims are related. *See* Memo. (Doc. 178-1) at 14-15; Opp. (Doc. 184) at 10, 12; Reply (Doc. 189) at 7-8.

---

the Lanham Act and the Copyright Act somewhat differently." *Traditional Cat Ass'n, Inc.*, 340 F.3d at 834 n.6 (comparing *Gracie*, 217 F.3d at 1069, with *Entertainment Rsch. Grp.*, 122 F.3d at 1230); *see also id.* at 833-34 (*Entertainment Rsch. Grp.* is "[c]ontrolling precedent," and citing *Gracie* as a contrary rule).

3

Accordingly, Cher's fees should not be apportioned.

### (b) Apportionment Is Only Necessary Where Claims Are *Unrelated*, Which Is Not the Case Here

By contrast, courts apportion attorney's fees only when the claims are *unrelated*. Traditional Cat Ass'n, 340 F.3d at 834 (reversing district court for failing to determine whether claims are related and explaining that "[i]f the copyright and non-copyright claims are not related, the [prevailing parties] can only recover fees attributable to the copyright claims."); Anthony Cal., Inc. v. Fire Power Co., Ltd., No. EDCV-15-876, 2018 WL 5816169 at *2 (C.D. Cal. Aug. 10, 2018) ("Where the claims *are not related*, the court must make an attempt to adjust the fee award to reflect an apportionment.") (emphasis added).

Since the copyright and non-copyright claims in this case are related, established case law confirms that Cher's attorney's fees should not be apportioned.

### (c) Nor Does the Record Support Excluding Attorney's Fees on Related Claims Here

The law is clear that apportionment between copyright and related claims is not appropriate. But even if the Court were to conclude that it has the discretion to apportion them, the record provides no support for doing so.

The only claim Defendant prevailed upon was her first counterclaim—brought under the Copyright Act—and even then, Cher prevailed in substantial part. That counterclaim sought a declaration that Defendant and the other heirs have sole discretion to select an administrator and that "Cher does not have a right to approve or disapprove" the administrator. Def's Answer & Counterclaim (Doc. 47) at 27 ¶ 3. While the Court concluded that Defendant and the other heirs have "sole discretion to decide *whom* to appoint," Defendant lost her claim for a declaration that Cher has *no* approval or disapproval rights. Judgment (Doc. 168) at 3 ¶ 3 (emphasis added). Instead, the Court concluded that Cher "may raise reasonable objections to the terms of any such agreement entered into with such a royalty administrator, including as to

4

the reasonableness of the administration fee and as to the administrator's credentials and qualifications." <u>Id.</u> In short, Cher successfully defended Defendant's attempt to strip her of approval rights.

### (d) **Apportionment Would Also Be Improper Because All the Claims Are Inextricably Intertwined**

Finally, even if the Lanham Act standard under *Gracie* applied—it does not, *see above* at 2 n.1—the claims and counterclaims here are so inextricably intertwined that even an estimated adjustment would be meaningless. Those claims and counterclaims concerned the same underlying facts and conduct, *i.e.*, Defendant's attempt to improperly terminate Cher's royalty rights based on Defendant's flatly wrong application of Section 304(c), and none of Cher's counsel's time entries demonstrate any feasible distinction between the fees relating to Cher's declaratory judgment claim and the other related claims. *See* <u>Cher's Memo (Doc. 178-1) at 14</u>; *see also* <u>EZ Travel Distrib., Inc. v. Doremo Glob. Corp.</u>, No. 8:20-cv-01183, 2022 WL 1600005 at *5 (C.D. Cal. Feb. 11, 2022) (declining to apportion attorney's fees in unrelated claims because "all of the claims that have been asserted in this case are so inextricably tied that apportionment would be meaningless").

## 3. **CONCLUSION**

It is undisputed that the claims and counterclaims are related; *i.e.*, based on the same core of facts, as well as related legal theories. Under controlling precedent, Cher's attorney's fees should not be apportioned between copyright and non-copyright claims, and she should be awarded them in their entirety.

Dated: March 13, 2026

/s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
Samuel Turner, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Plaintiff
and Counterdefendant
CHER
Individually and as Trustee of
The Veritas Trust

5

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this Memorandum contains 1,628 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 13, 2026

/s/ Peter Anderson, Esq.
Peter Anderson, Esq.