UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
|---|---|---|---|
| Title | Cher v. Mary Bono | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. 178)**

## I.    Introduction

On October 13, 2021, Cher ("Plaintiff") brought this action against Mary Bono ("Defendant"), the widow of Salvatore Bono ("Sonny"). Dkt. 1. On March 28, 2023, Plaintiff filed the operative First Amended Complaint ("FAC"). Dkt. 45. The FAC advances two causes of action arising from a dispute over the entitlement to royalties for musical compositions and recordings: (1) declaratory relief as to the effect of 17 U.S.C. § 304(c) termination on Plaintiff's rights; and (2) breach of contract. *Id.* ¶¶ 40–51. On April 11, 2023, Defendant brought counterclaims against Plaintiff seeking declaratory relief as to the following: (1) Plaintiff's rights and obligations concerning the selection of an administrator; and (2) Defendant's right to enter into new agreements for sound recording copyrights that she owns. Dkt. 47 ¶¶ 39–51.

On November 20, 2023, Defendant filed a Motion for Summary Judgment. Dkt. 64. On the same day, Plaintiff also filed a Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment. Dkt. 65. Plaintiff filed an opposition to Defendant's Motion (Dkt. 88), and Defendant filed an opposition to Plaintiff's Motion (Dkt. 86). Each party then filed a reply in support of its motion. Dkts. 92, 94. On May 29, 2024, an order issued denying Defendant's Motion as to all issues presented except for her first counterclaim, which was granted in part, and granting Plaintiff's Motion as to all remaining issues except for her second claim for breach of contract, which was granted in part. Dkt. 107 ("Summary Judgment Order").

On November 26, 2025, "[e]xcept as expressly provided" in the order, "Judgment [was] entered, in favor of Plaintiff on Plaintiff's First Claim for Relief, Plaintiff's Second Claim for Relief, and Defendant's Second Counterclaim for Relief; and Judgment [was] entered in favor of Defendant in part on Defendant's First Counterclaim for Relief." Dkt. 168 at 4.

On January 12, 2026, Plaintiff filed a Motion for Attorney's Fees. Dkt. 178 ("Motion"). Defendant filed an opposition to the Motion on February 2, 2026. Dkt. 184 ("Opposition"). Plaintiff filed a reply in support of the Motion on February 16, 2026. Dkt. 189 ("Reply"). On March 2, 2026, the parties were ordered to file supplemental briefing regarding the potential apportionment of attorney's fees. Dkt. 191. On March 13, 2026, Plaintiff and Defendant filed their respective supplemental briefs. Dkt. 192 ("Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
|---|---|---|---|
| Title | Cher v. Mary Bono | | |

Supplement"); Dkt. 193 ("Defendant's Supplement").

A hearing on the Motion was held March 2, 2026, and it was taken under submission following the filing of the supplemental briefs. For the reasons stated in this Order, the Motion is **DENIED**.

## II.      Factual Background

The factual background of this matter is discussed in the Summary Judgment Order. *See* Dkt. 107 at 1–3. That discussion is incorporated here by this reference.

## III.      Attorney's Fees

### A.      Legal Standards

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

Under this statute, attorney's fees may be awarded to the prevailing party, whether it is the party that holds the copyright or the one that allegedly infringed it. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994) ("*Fogerty I*")). Whether to award attorney's fees is within the discretion of the district court. *Id.* (citing *Fogerty I*, 510 U.S. at 534).

*Fogerty I* established several principles that apply when making the discretionary determination as to whether to award attorney's fees to the prevailing party. *See Fogerty I*, 510 U.S. at 534; *Kirtsaeng*, 579 U.S. at 202. They include: (i) "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public," (*Fogerty I*, 510 U.S. at 524); (ii) both defendants and plaintiffs may hold copyrights, and may "run the gamut from corporate behemoths to starving artists" (*id.*) (quotation marks and citation omitted)); (iii) there is a need to encourage "defendants who seek to advance a variety of meritorious copyright defenses . . . to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement" (*id.* at 527); and (iv) "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright" (*id.*).

The Ninth Circuit has explained that in conducting its analysis, a district court "may consider (but [is] not limited to) five factors in making an attorneys' fees determination . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020) (quoting *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)); *see also Ets–*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
|---|---|---|---|
| Title | Cher v. Mary Bono | | |

*Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). Courts should "accord substantial weight to the fourth factor." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).

Courts "should begin their consideration of attorney's fees in a copyright action with an evenly balanced scale, without regard to whether the plaintiff or defendant prevails, and thereafter determine entitlement without weighting the scales in advance one way or the other." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) ("*Fogerty II*"). "Within this framework, district courts are given wide latitude" to award or deny attorney's fees under the Copyright Act, even when a party acted reasonably or in good faith. *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997).

B.      Application

Section 505 of the Copyright Act applies to "any civil action" arising under the Act. 17 U.S.C. § 505. An action arises under the Copyright Act if: "(1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). Section 505 applies to claims for declaratory relief based on the Copyright Act. *See Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020) ("[A]ny action that turns on the existence of a valid copyright and whether that copyright has been infringed sufficiently invokes the Copyright Act as to allow for the discretionary award of attorney's fees," including "in a claim for declaratory relief.").

Under these standards, that the first cause of action in the FAC sought, and Plaintiff obtained declaratory relief, does not *per se* bar an award of attorney's fees. However, Defendant argues that this action arises from the law of contract, not pursuant to the Copyright Act because Plaintiff "plead[ed] claims arising from Defendant's Notice of Termination solely to obtain a determination that the Notice did not affect her asserted rights arising from the [Marriage Settlement Agreement ("MSA")]." Dkt. 184 at 6. Plaintiff responds that the Summary Judgment Order resolved the question "whether Defendant's Notice of Termination terminated Cher's state law rights" in her favor by "analyzing the scope of Section 304(c)." Dkt. 189 at 5.

As to Plaintiff's rights to Record Royalties under the MSA,[1] the order on Defendant's motion to dismiss the Complaint (Dkt. 18) determined that "federal termination rights can end contractual royalty rights by terminating the underlying copyright grants. The practical effect of the termination is that Plaintiff no longer receives royalties for the copyright grants that no longer exist." Dkt. 43 at 7. Although federal copyright governs the termination of the underlying copyright grants, Plaintiff's entitlement to Record Royalties on those grants is ultimately governed by the MSA. *See id.* at 8. Moreover, Plaintiff did not dispute that "Defendant ha[d] the right to terminate the copyright grants at issue . . . ." *Id.* at 7. It was subsequently undisputed that "Plaintiff's share of the Record Royalties under the MSA is undisturbed." Dkt. 107 at 10 (citing Dkt. 92-1 ¶ 51; Dkt. 64-1 at 9 n.1; Dkt. 86 at 19).

---

[1] Under the Marriage Settlement Agreement ("MSA"), Plaintiff was assigned an "undivided 50% interest" in any and all contingent receipts payable after July 14, 1978, "from Atlantic Recording Corporation under the agreement dated August 30, 1966, . . . from Liberty/U.A. Inc. under the agreements dated from and after November 1, 1964 . . . [and] from MCA Records, Inc. under agreements dated January 1, 1972, and February 11, 1971 [(collectively, the Recording Contracts)]" (the "Record Royalties" (Dkt. 64-5 ¶ 10(a)–(c)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
|---|---|---|---|
| Title | Cher v. Mary Bono | | |

As to Plaintiff's Composition Royalties,[2] the Summary Judgment Order determined, based on "the plain language of the MSA," that "[b]ecause in granting the royalty and approval rights at issue, the MSA did not refer to a 'grant of a transfer or license' of the underlying copyrights, Plaintiff's rights under the MSA arise solely under state law." Dkt. 107 at 10. Thus, the MSA assigned Plaintiff royalty and approval rights rather than the underlying copyrights. *Id.* at 10–11. Based on a review of 17 U.S.C. § 304(c), it was then determined that the Notice of Termination did not affect Plaintiff's rights because such a termination "affects only those rights covered by the grant that arise under this title, and in no way affects rights arising under any other Federal, State, or foreign laws." 17 U.S.C. § 304(c)(6)(E); *see* Dkt. 107 at 11. Further, even if the rights provided pursuant to the MSA were deemed grants of the copyrights, "section 304(c) termination extends only to "a transfer or license of the renewal copyright or any right under it, executed *before* January 1, 1978," so it could not apply to the August 10, 1978, MSA. Dkt. 107 at 11 (citing 17 U.S.C. § 304(c)).

*Doc's Dream* cited certain hypotheticals stated in *Nimmer on Copyright* regarding declaratory relief. It concluded that a "hypothetical involv[ing] a contract dispute over royalties due under an accepted copyright," falls "beyond the limit of the Copyright Act":

> [O]ne could imagine a case requiring no construction of the Copyright Act—for instance, one in which *G* sues *H* for a half share of royalties due from exploitation of their shared work. In that instance, the case does not appear to arise under Title 17 of the United States Code, and fees therefore may not be awarded under the Copyright Act.

*Doc's Dream*, 959 F.3d at 361 (quoting 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.10[B][1][b]).

The facts in this action are similar to those stated in the hypothetical considered in *Doc's Dream*. Plaintiff brought this action claiming entitlement to royalties and approval rights. *See* Dkt. 107 at 10. However, unlike the hypothetical dispute considered in *Doc's Dream*, this case involved the question whether Plaintiff was entitled to those rights after Defendant issued the Notice of Termination pursuant to section 304(c). *See id.* at 10–11. Accordingly, whether section 505 applies turns on whether that analysis of section 304(c) "invoke[d] sufficient 'construction' of the Copyright Act . . . ." *Doc's Dream*, 959 F.3d at 362; *see also* Nimmer & Nimmer, *supra*, § 14.10[B][1][b] (determining whether an action "requires construction of the Copyright Act" "would seem to match those according federal court jurisdiction."). "[C]ourts in the Ninth Circuit have routinely held that a court lacks federal-question jurisdiction in cases involving a claimed right to economic benefits associated with a work that is divorced from the exclusive rights protected by the Copyright Act." *Wilson v. Rutherford*, No. 22-CV-1982, 2022 WL 3275312, at *4 (C.D. Cal. Aug. 11, 2022) (collecting cases); *see, e.g.*, *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 734 (9th Cir. 2012) (because the claim for a "declaratory judgment concerning a copyright . . . if recast, [was] really an action to recover royalties under a contract, it [was] a claim on contract, arising under state, not federal, law.").

---

[2] The MSA also assigned Plaintiff an "undivided 50% interest" in any and all of Sonny's "right, title and interest, individually or through any other business, corporation, firm or entity in which he has an interest" in and to contingent receipts payable after July 14, 1978, "from musical compositions and interests therein, written and composed, in whole or in part, by [Sonny] or others prior to February 1, 1974, and/or acquired by [Sonny and certain other entities] prior to [the couple's separation]" (the "Composition Royalties" (Dkt. 64-5 ¶ 10(d))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
|---|---|---|---|
| Title | Cher v. Mary Bono | | |

In reviewing the dismissal of an action by the district court based on a determination that there was no subject matter jurisdiction, *Scholastic Entertainment* explained that the "case hinge[d] entirely on whether [the plaintiff's] attempt to terminate the [licensing] agreement was successful." 336 F.3d at 984–85. The defendant argued that there was federal jurisdiction under the Copyright Act because it governed the plaintiff's "attempt to terminate the agreement" pursuant to section 203 of the Copyright Act. *Id.* at 988. *Scholastic Entertainment* concluded that, because section 203 applies to "the termination of a copyright license of indefinite duration" and the contract at issue was set to expire in 2013, no provision of the Copyright Act "govern[ed] [the plaintiff's] right to terminate or rescind the license. Instead, California state law should govern this determination." *Id.* at 988–89. Similarly, section 304(c) applies only to the termination of copyright grants pursuant to an agreement executed before January 1, 1978. Because this case concerns a contractual grant of royalty and approval rights that occurred on August 10, 1978, no "provision of the Copyright Act[] govern[ed] [Defendant's] right to terminate or rescind" Plaintiff's contractual rights. *See id.*; Dkt. 107 at 11–12.

Plaintiff's reliance on *Horror Inc. v. Miller*, No. 16-CV-1442, 2022 WL 4473426 (D. Conn. Sep. 26, 2022), is not persuasive. *See* Dkt. 178-1 at 9. There, the district court determined that, because the "action [arose] under the termination rights provision of the Copyright Act, 17 U.S.C. § 203, . . . [s]ection 505 provide[d] a legal basis for [the defendant's] request for fees." *Horror Inc.*, 2022 WL 4473426 at *2–3. The present action is distinguishable. Here it has been determined that this action arises under California contract law, not 17 U.S.C. § 304(c). *See* Dkt. 107 at 10–11.

Plaintiff has not cited any notice of termination cases that address the attorney's fees question presented in this action. Nor has the Court found any. However, other courts have decided similar issues. For example, in *Markham Concepts, Inc. v. Hasbro, Inc.*, 71 F.4th 80 (1st Cir. 2023), the First Circuit considered whether to affirm the denial of an attorney's fees award to the defendant after it prevailed on the plaintiff's section 304(c) copyright claim. *Markham Concepts* evaluated the merits of the plaintiff's copyright claim, which "boiled down to two dispositive questions: did [the game designer] create the [p]rototype (such that he could fairly be considered its author); and was the [p]rototype a work for hire?" *Id.* at 83 (quoting *Markham Concepts, Inc. v. Hasbro, Inc.*, No. 15-419, 2021 WL 5161772, at *1 (D.R.I. Nov. 5, 2021)). *Markham Concepts* determined that "[a]nswering those questions required application of the Copyright Acts of 1909 and 1976" because under the Act of 1976, "authors may have 'the power to terminate the grant of a copyright,'" but "such 'termination rights' do not extend to 'work[s] made for hire'" *Id.* (quoting 17 U.S.C. § 304(c)). It then affirmed the decision by the district court that the game designer "was not the prototype's author for copyright purposes, foreclosing his successors-in-interest from terminating an assignment agreement . . . ." *Id.* Although the First Circuit did not expressly discuss the applicability of section 505, its opinion affirmed the district court's denial of attorney's fees, which was based on an analysis of that provision of the Copyright Act. *Id.* at 85–91.

*Markham Concepts*, like the present case, considered the issue presented by a statutory exception to termination rights under section 304. However, the opinion did so by addressing a copyright ownership issue based on copyright principles. *See id.* at 83–91. In contrast, the Summary Judgment Order applied principles of contract interpretation to determine the rights of Plaintiff under the MSA. *See* Dkt. 197 at 10.

In light of the foregoing, because section 505 does not apply to the matter at issue, Plaintiff's Motion is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-CV-8157-JAK (RAOx) | Date | July 17, 2026 |
| Title | Cher v. Mary Bono | | |

**DENIED**.

## IV.     Conclusion

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        LC2